IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

    v.                                                                        No. CIV 09-0758 BB/DJS

CURRY COUNTY ADULT
DETENTION CENTER MEDICAL DEPT.,
PRESBYTERIAN HOSPITAL,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The initial payment towards the filing fee will be waived, and for the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In the caption of his complaint Plaintiff names the detention center medical department and a private hospital as Defendants. In the body of the complaint he names as additional Defendants Warden Bean and staff members Davis, Donaldson, and Curtis, as well as a doctor employed by the hospital. Plaintiff alleges that he was denied medical treatment after he broke his hand. He also alleges that his administrative complaints and grievances went unanswered. Plaintiff contends that Defendants have acted with deliberate indifference to his medical needs, in violation of his civil rights. The complaint seeks damages and reimbursement of future medical bills.

No relief is available on Plaintiff's claims against the hospital or its employees. Plaintiff's only allegations against the hospital and its employees are that his treatment did not fully repair his injury. Plaintiff's disagreement with his treatment by hospital personnel may possibly give rise to a claim for medical malpractice, but it does not support a claim for the violation of his right to be free from cruel or unusual punishment under the Eighth Amendment. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *and cf. Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Self v. Crum*, 439 F.3d 1227, 1235 (10th Cir. 2006). These claims will be dismissed.

Nor is relief available against named Defendant Curry County Adult Detention Center Medical Dept. First, "a detention facility is not a person or legally created entity capable of being sued," *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), and

thus Plaintiff's claims against this Defendant are construed as directed at the County itself.  Second, Plaintiff alleges only that he was denied proper medical care by certain individuals.  To establish § 1983 liability against a county, Plaintiff must allege a constitutional violation by an employee and that municipal policy or custom was moving force.  *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998).  No such policy or custom is alleged, and claims against Defendant Curry County Adult Detention Center Medical Dept. will be dismissed.

IT IS THEREFORE ORDERED that the initial partial payment towards the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Kamerman, Presbyterian Hospital, and Curry County Adult Detention Center Medical Dept. are DISMISSED with prejudice; and Defendants Kamerman, Presbyterian Hospital, and Curry County Adult Detention Center Medical Dept. are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Curtis, Davis, Donaldson, and Bean.

_____
UNITED STATES DISTRICT JUDGE