# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                           Case No. 1:09-cv-758 BB/DJS

CURRY COUNTY ADULT
DETENTION CENTER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff's Motion to Amend Complaint and Request for Leave of Court* [Doc. 10], filed December 15, 2009. For the reasons stated below, the Court GRANTS the motion, but admonishes Plaintiff not to file any further amendments without prior leave of Court.

Plaintiff is a *pro se* prisoner litigant. He filed his original complaint on August 4, 2009, alleging various constitutional violations arising from the allegedly inadequate medical treatment he received for a hand injury while incarcerated. [Doc. 1.] The Court granted his request to proceed *in forma pauperis* on August 6, 2009. [Doc. 3.] On October 29, 2009, the Court acting *sua sponte* dismissed with prejudice the claims against three of the seven named defendants and directed the Clerk to issue notice and waiver of service forms to the remaining four defendants: (1) Defendant Donaldson, a physician; (2) Defendant Bean, the jail administrator; (3) Janice Davis, a nurse; and (4) Tamara Curtis, also a nurse. [Doc. 6.]

Defendant Donaldson waived service on October 29, 2009. [Doc. 7.][1] Before Defendant Donaldson answered, Plaintiff filed the instant motion to amend the complaint. Plaintiff failed to attach a copy of the proposed amended pleading as required by the Local Rules.[2] Instead, and without waiting for the Court to rule on his motion to amend, he filed an amended complaint on February 12, 2010. [Doc. 17.] Defendant Donaldson, however, had already answered Plaintiff's original complaint on December 28, 2009. [Doc. 13.] Defendant Donaldson answered the amended complaint on March 1, 2010. [Doc. 18.]

Amendments to pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Under the version of Rule 15(a) that was in effect when Plaintiff's Complaint was filed and served, a party could "amend once as a matter of course...before being served with a responsive pleading." Fed.R.Civ.P. 15(a), 28 U.S.C.A (2008) (amended Mar. 26, 2009, effective Dec. 1, 2009). On December 1, 2009, amendments to Rule 15(a) took effect which limit the right of amendment to: (1) 21 days after service of the complaint, or (2) 21 days after a responsive pleading or a motion under Rule 12(b), (e), or (f) is served, whichever is earlier. Fed.R.Civ.P. 15(a)(1)(A),(B). In all other cases, a party may amend its complaint only with the opposing party's written consent, or with leave of court. Fed.R.Civ.P. 15(a)(2).

The Rule 15 amendments had not yet taken effect at the time Defendant Donaldson was served, but were in effect by the time Plaintiff sought leave to amend, when Defendant Donaldson answered, and when the amended complaint was filed (without prior leave).

---

[1] Waiver of service forms for Defendants Davis and Curtis were returned as undeliverable. [Docs. 8, 9.] Summons for Defendant Bean was subsequently reissued with instructions to the U.S. Marshals Service to personally serve Bean. [Doc. 16.]

[2] "A proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.

Regardless which version of the Rule applies under these convoluted circumstances, the Court concludes that Plaintiff should be permitted to amend his complaint.

Under both versions of Rule 15, leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). The granting of leave to amend is within the discretion of the trial court, but denial of leave to amend "is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1581 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The amended complaint Plaintiff filed on February 12, 2010, omits the defendants the Court dismissed *sua sponte*; it also expands upon the allegations contained in the original complaint, providing greater factual detail, and it includes additional exhibits and numerous pages of legal authority. Defendant Donaldson did not oppose the motion and, in fact, answered the amended complaint. The remaining Defendants have yet to appear in this action and are therefore not prejudiced by the amendment.

The Court finds no bad faith, dilatory motive, prejudice, or futility of amendment.[3] Accordingly, the Court grants Plaintiff's "Motion to Amend Complaint and Request for

---

[3] The Court notes, however, that since filing the instant motion and the amended complaint, Plaintiff has filed a second motion to amend, with a proposed amended complaint attached [Doc. 19], and a "Complaint for Negligence" [Doc. 21] that is different than the proposed amended complaint attached to the second motion to amend. The Court hereby instructs Plaintiff that in future, he shall refrain from filing amendments without the Court's permission. Unauthorized amendments, *i.e.*, those filed without leave, may be stricken.

Leave of Court" [Doc. 10] *nunc pro tunc* as to the amended complaint filed February 12, 2010 [Doc. 17.].

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**United States Magistrate Judge**