IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LEO L. DURAN,**

    **Plaintiff,**

v.                                                                                                        Case No. 1:09-cv-758 BB/DJS

**CURRY COUNTY ADULT DETENTION CENTER, et al.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases* [Doc. 4], entered August 6, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court provides this interim recommendation to **grant in part and deny in part** Plaintiff's *Motion to Amend Complaint and to Add Additional Defendants* ("Second Motion to Amend") [Doc. 19], filed March 9, 2010.

### I.    BACKGROUND

Plaintiff Leo Duran is a *pro se* prisoner litigant. He filed his original complaint on August 4, 2009, alleging various constitutional violations arising from allegedly inadequate medical treatment he received for a hand injury while incarcerated. [Doc. 1.] The Court granted his request to proceed *in forma pauperis* on August 6, 2009. [Doc. 3.] On October 29, 2009, the Court acting *sua sponte* dismissed with prejudice the claims against three of the seven named defendants and directed the Clerk to issue notice and waiver of service forms to the remaining four defendants: (1)

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Defendant Donaldson, a physician; (2) Defendant Bean, the jail administrator; (3) Janice Davis, a nurse; and (4) Tamara Curtis, also a nurse. [Doc. 6.]

Defendant Donaldson waived service on October 29, 2009.[2] [Doc. 7.] Before Defendant Donaldson answered, Duran filed the first of two motions to amend. [Doc. 10 (*Motion to Amend Complaint and Request for Leave of Court*) (hereinafter "First Motion to Amend").] Duran failed to attach a copy of the proposed amended pleading as required by the Local Rules.[3] Instead, and without waiting for the Court to rule on the First Motion to Amend, he filed the amended complaint on February 12, 2010. [Doc. 17 ("First Amended Complaint").]

While the First Motion to Amend was pending, Duran filed the Second Motion to Amend on March 9, 2010. The Second Motion to Amend includes the proposed amended complaint. [Doc. 19 at 13–30.] Without requesting leave, and while the First and Second Motions to Amend were pending, Duran filed a "Complaint for Negligence" on April 9, 2010. [Doc. 21.]

Acting pursuant to authority under 28 U.S.C. § 636(b)(1)(A) to determine nondispositive pretrial matters, the undersigned granted Duran's First Motion to Amend *nunc pro tunc* on May 6, 2010. [Doc. 24. ] In deciding to grant the First Motion to Amend, the Court observed, among other things, that the First Amended Complaint [Doc. 17] omitted the defendants the Court dismissed *sua sponte*, that it expanded upon the allegations contained in the original complaint, providing greater factual detail, that Defendant Donaldson did not oppose the motion, and that the remaining defendants who have yet to appear in this action would not be prejudiced by the amendment.

II.   ANALYSIS

   A.   **Legal Standards**

---

[2] Service on the remaining three defendants has been delayed for lack of correct addresses.

[3] "A proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.

Duran's Second Motion to Amend seeks to add two more defendants to this lawsuit. [Doc. 19 at 1.] Duran does not claim these defendants are necessary to this action, only that he has recently come into possession of documents that reveal the existence of additional actors who may have played a role in the alleged deprivation of medical care. Accordingly, it should be considered a request for permissive joinder under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Rule (a)(2), regarding the joinder of defendants, provides:

Persons...may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law of fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2). The fact that Duran is a prisoner litigant proceeding *in forma pauperis* does not alter the application of Rule 20. *See Hagan v. Rogers*, 570 F.3d 146, 154–55, 157 (3d Cir. 2009) (holding that when determining whether prisoner litigants may join as plaintiffs, district court "must provide a reasoned analysis that comports with the requirements of [Rule 20]"). The underlying purpose of joinder is to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002) (citation and quotation marks omitted). Before the Court can permit joinder, however, both requirements of Rule 20(a)(2) must be met; these "requirements assure that plaintiffs do not indiscriminately bring new defendants into an action and allege claims based on entirely different legal and factual issues from those alleged in the original complaint." 25 Fed.Proc., L.Ed. § 59:183 (citing *Trail Realty, Inc. v. Beckett*, 462 F.2d 396 (10th Cir. 1972)).

The first requirement—that the claims arise out of the "same transaction"—refers to similarity in the factual background of a claim. *Couglin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). It is similar to the transaction requirement of Fed.R.Civ.P. 13(a) and is typically decided

using a case-by-case approach. *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 145 (E.D.Pa. 2001). The second requirement—that the claims share a common question of fact or law—is similar to the commonality requirement under Fed.R.Civ.P. 23(a). *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974). It presents a "very low threshold" and is essentially satisfied if there is only one common question of law or fact. *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 145 (E.D.Pa. 2001) (citations and quotation marks omitted).

The individuals Duran requests leave to join are Teri Leslie "from the Curry County Sheriff's Department" and "Chief Borrega of the Curry County Adult Detention Center." [Doc. 19 at 3.] In support of joinder, Duran submits documentation he claims implicates Leslie and Borrega[4] in the alleged deprivation of medical care and demonstrates they are liable for violations of the Eighth and Fourteenth Amendments. [Id. at 7.]

### B.    Potential Defendant Teri Leslie

With respect to Leslie, Duran alleges she "was in a position of authority with the Curry County Adult Detention Center to provide inmates with transportation to medical appointments." In support of this contention, he submits a "Nurse's Note Sheet" dated December 29, 2008. [Doc. 19 at 23.] The unidentified author[5] of the note writes:

> Called S.O. talked to Leslie. She stated she was not going to be taking [Plaintiff] to appointment[.] [T]hey said he was property of [Department of Corrections] and they feel why should they have to pay for the appointment when there is a hand surgeon here in Clovis. Besides they said he is going back to [Department of Corrections] after his court tomorrow.

[Doc. 19 at 23.] Based on this note, Duran asserts that Leslie "deliberately interfer[ed] with prescribed treatment contributing to permanent injury." [Id. at 9.]

---

[4]Chief Borrega is elsewhere identified as Chief "Barriga." For purposes of consistency, the Court will refer to him as "Borrega."

[5]The note appears to be signed, but the signature is not legible to the Court.

-4-

Both requirements are satisfied with respect to proposed defendant Leslie. First, there is a logical relationship between the allegations against Leslie and the allegations against the current defendants. In his First Amended Complaint, Duran alleges a course of conduct beginning in December 2007 when he injured his hand, continuing through at least December 2008, whereby defendants continually failed to provide him needed medical treatment, delayed surgery and medical appointments, and aggravated his injury by keeping him confined in unsanitary conditions. The allegation that Leslie refused to transport Duran to a scheduled appointment relates to the same transaction and series of occurrences that Duran alleges led to permanent injury. The first prong is therefore satisfied.

The second prong is also satisfied because the allegations against Leslie share several common questions of fact and law, including whether the actions of the defendants caused the alleged injury and whether the actions constitute an Eighth or Fourteenth Amendment violation. Therefore, Duran should be permitted to join Teri Leslie as a defendant in this action.

### C.     Potential Defendant Chief Borrega

The result is different with respect to Chief Borrega, who Duran alleges "was working for the County of Curry as Assistant Jail Administrator of the Curry County Adult Detention Center." [Doc. 19 at 14.] In support of his request to join Chief Borrega, Duran submits another "Nurse's Note Sheet" dated January 30, 2009, which states:

> Chief [Borrega] called & asked about appt for Mr. Duran [illegible] Dr. Cheema in Albq. He had already been to Dr. Cheema's and Dr. Cheema had ordered physical therapy and surgery at this time. Mr. Duran refused physical therapy at that time. Since then Mr. Duran has been to DOC then back. Had an appt. [illegible] Dr. Cheema 12-29-09 but this one was cancelled because transport could not take him - rescheduled appt. Administrator Bean & Chief [Borrega] stated Mr. Duran injured self & got all medical help that could be given.

[Doc. 19 at 26.]

Assuming these allegations are sufficient to meet the requirements for permissive joinder under Fed.R.Civ.P. 20(a), they are not sufficient to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Because Duran is proceeding *in forma pauperis*, the Court has discretion to dismiss a complaint *sua sponte* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Hall v. Bellmon*, 935 F.F2d 1106, 1110 (10th Cir. 1991) (court may dismiss *sua sponte* when it its "patently obvious" plaintiff could not prevail on the facts alleged).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, the allegations must must do more than create a mere suspicion of a legally cognizable right of action; rather, they must contain enough substance "to raise a right to relieve above the speculative level." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

Duran's allegation against Chief Borrega (or Barriga) do not meet this standard. Chief Borrega's name appears on a nurse's note and the only allegation is that he called the author of the note to inquire about an appointment for Duran. This allegation does not create the suspicion of a legally cognizable right of action against Chief Borrega. Accordingly, Duran should not be permitted to join him as a defendant.

## III.   RECOMMENDATION

It is recommended that (1) Duran's Second Motion to Amend [Doc. 19] be granted with respect to Terri Leslie and denied with respect to Chief Borrega; and (2) Duran be instructed that if he wishes to amend or supplement in the future, he must file a motion to amend with the proposed pleading attached, and await leave of court before filing additional pleadings.

_____
**DON J. SVET**
**United States Magistrate Judge**