IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

      Plaintiff,

v.                                          Case No. 1:09-cv-758 BB/DJS

LESLIE DONALDSON, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery [Doc. 72], Affidavit in Support of Motion to Compel [Doc. 73], and Brief in Support of Motion to Compel Discovery [Doc. 74], all filed April 11, 2011 ("Motion to Compel").  The Motion to Compel is **GRANTED in part and DENIED in part**.

I.      **BACKGROUND**

Plaintiff Leo Duran is *pro se* and currently incarcerated.  He alleges prison officials violated various of his civil rights while he was incarcerated at the Curry County Adult Detention Center ("CCADC") in Clovis, New Mexico.

This case is exempt from initial disclosure requirements and from pretrial management. Fed.R.Civ.P. 26(a)(1)(B)(iii); D.N.M.LR-Civ. 16.3(d), 26.3.  The parties have not otherwise sought to stay discovery generally and have proceeded to conduct discovery on their own.

On July 13, 2010, Duran served 22 interrogatories and 14 requests for production on Defendant Dr. Leslie Donaldson.  [Doc. 73, ¶ 2.]  Dr. Donaldson served his answers and responses, including objections to some of the interrogatories, on August 26, 2010.  [Doc. 74 at 7–19.]  Dr. Donaldson did not object to the requests for production, and to each one responded:  "I do not have a copy of these records in my possession, custody or control."  Counsel's cover letter indicated the

signed verification for the interrogatories was not included, but would be forwarded after Dr. Donaldson signed and notarized it.  [Doc. 74 at 7.]  Counsel mailed the signed and notarized verification for the interrogatories on October 25, 2010.  [Id. at 20–21.]

Duran was dissatisfied with some of Dr. Donaldson's interrogatory answers and Dr. Donaldson's failure to identify or produce any documents.  On December 6, 2010, Duran sent a letter to Dr. Donaldson's counsel identifying five interrogatories for which Dr. Donaldson's responses were acceptable and 11 interrogatories Duran believed required "further responses." [Doc. 74 at 22.]  In addition, Duran re-phrased six interrogatories Dr. Donaldson had declined to answer on the objection that the interrogatories were vague or unintelligible.  [Id.]  Duran also requested "further responses" for all 14 of the requests for production.  [Id.]  Dr. Donaldson's counsel responded on December 9, 2010.  His letter expressed disagreement with Duran's position and stated Dr. Donaldson stood by the answers and responses previously given.  [Id. at 30.]

## II.    ANALYSIS

### A.    Timeliness of Duran's Motion to Compel

Dr. Donaldson argues Duran's motion should be rejected because it is untimely under the Local Rules.  Local Rule 26.6 requires a party served with objections to written discovery to file a motion to compel within 21 days of service of an objection.  D.N.M.LR-Civ. 26.6.  Failure to proceed with a motion to compel within this time period constitutes acceptance of the objection. *Id.*

The Court will not deny the Motion to Compel on the grounds of untimeliness.  Local Rule 26.6 only applies when a party is served with timely objections.  It does not apply here because Dr. Donaldson's discovery responses were untimely.  Duran served written discovery on July 13, 2010. Dr. Donaldson's answers and responses were due August 16, 2010. Fed.R.Civ.P. 33(b)(2)(requiring

interrogatory answers and objections to be served within 30 days after service of the interrogatories); Fed.R.Civ.P. 6(d) (adding three days if service is by mail). He did not serve his answers and responses until August 26, 2010. Therefore any objections were waived. Fed.R.Civ.P. 33(b)(4).

Furthermore, Local Rule 26.6 only applies when a party is served with objections. Thus, Rule 26.6 does not bar a motion to compel where Dr. Donaldson responded but did not object. Dr. Donaldson did not object to ten of the disputed interrogatories, nor did he object to any of the requests for production.

In any event, Local Rule 26.6 permits the Court to enlarge, for good cause, the 21-day period for filing a motion to compel. To the extent Duran's Motion to Compel could be considered untimely, the Court finds good cause to enlarge the period. In the months following service of Dr. Donaldson's answers, Duran was attempting to resolve the discovery dispute by corresponding with Dr. Donaldson's counsel and by submitting revised interrogatories in an attempt to cure objections of vagueness and unintelligibility. Though it would have been better if Duran had not waited as long as he did to file a motion to compel, informal efforts to resolve discovery disputes are to be encouraged. Accordingly, the Court will proceed to the merits of the Motion to Compel.

**B.   Merits**

**1.   The parties' arguments**

Duran argues Dr. Donaldson waived any objections by failing to answer the discovery requests within 30 days without obtaining an extension either from the Court or from him. [Doc. 74 at 3.] As discussed above, Duran is correct. Duran also argues Dr. Donaldson's answers to Interrogatories 2, 3, 4, 6, 8, 11, 12, 14, and 22 are "completely evasive" and that Dr. Donaldson rejected his offer to "reiterate" some interrogatories. [Id. at 5.]

Dr. Donaldson responds he cannot be compelled to answer Interrogatories 5, 7, 13, 15, and 16 because they are unintelligible, long, rambling and confused, and that if compelled, his answer

"would have to be that he does not understand the interrogatory." [Doc. 77 at 2.] Regarding the remaining interrogatories to which he did not object, he asserts his answers are not evasive. Regarding the requests for production, Dr. Donaldson states that the documents Duran seeks are "presumably in the custody of Curry County Adult Detention Center," that he has not retained any documents, and therefore stands by his responses. [Id. at 1–2.]

**2.      Interrogatories to which Dr. Donaldson did not object**

Because a different analysis applies where Dr. Donaldson did not object, the Court addresses separately the interrogatories he answered without objection. Each interrogatory, to the extent it is not objected to, "must...be answered separately and fully in writing and under oath." Fed.R.Civ.P. 33(b)(3). This means the answer must be "true, explicit, responsive, complete, and candid." *Equal Rights Ctr. v. Post Props, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (quoting *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996)). "The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Co.*, 264 F.R.D. 233, 238 (W.D.N.C. 2010) (citation omitted). For purposes of a motion to compel, an evasive or incomplete answer is treated as a failure to answer. Fed.R.Civ.P. 37(a)(4). The party moving to compel discovery has the burden of proving the opposing party's answers were incomplete. *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976). The Court now turns to consider whether Dr. Donaldson's answers are sufficient under these standards.

<u>Interrogatory No. 2</u>

Interrogatory No. 2 asks: "As an employee of the Curry County Adult Detention Center, please describe your authorized duty in treating inmates and your duty to obtain outside medical care, including to obtain prescribed treatments." Dr. Donaldson answered: "I have never been an employee of Curry County Detention Center." [Doc. 74 at 8.]

-4-

The Court does not agree the answer is evasive.  The interrogatory asks Dr. Donaldson to describe his duties "[a]s an employee of Curry County Adult Detention Center."  His answer that he never was an employee of CCADC is candid and responsive.  The Motion to Compel is denied as to Interrogatory No. 2.

Interrogatory No. 3

Interrogatory No. 3 asks Dr. Donaldson to "describe your weekly time schedule and your attending days in treating inmates at C.C.A.D.C. and under who's [sic] authority were you authorized to treat inmates?"  Dr. Donaldson's answer:  "I do not presently have a schedule at C.C.A.D.C."  [Doc. 74 at 8–9.]

The answer is incomplete.  The interrogatory is not limited in scope to Dr. Donaldson's present weekly schedule at CCADC.  It asks for his attending days as well as the basis for his authority to treat inmates.  The Motion to Compel is granted as to Interrogatory No. 3.

Interrogatory No. 4

Interrogatory No. 4 asks Dr. Donaldson how many times he appeared physically at CCADC to treat inmates from the period October 2007 through October 2009.  Dr. Donaldson's response: "After a due diligence search of my records, I do not know when I physically appeared at C.C.A.D.C. from October, 2007 to October, 2009."  [Doc. 74 at 9.]

The answer is inadequate.  If a party lacks necessary information to make a full, fair and specific answer to an interrogatory, he must so state under oath and set forth in detail the efforts made to obtain the information.  *Nat'l Fire Ins. Co. of Hartford*, 264 F.R.D. at 238 (citation omitted); *see also Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 529 (S.D.W.Va. 2007) (answering party must detail attempts he made to acquire information).  Dr. Donaldson's characterization of his search as "diligent" does not satisfy his obligation to detail the efforts he made to determine when he was physically present at CCADC during the two-year period

covered by the interrogatory. Furthermore, if the information is not contained within his own records, he nevertheless may not refuse to provide it if it is reasonably available to him from other sources. The Motion to Compel is granted as to Interrogatory No. 4.

Interrogatory No. 6

Interrogatory No. 6 asks Dr. Donaldson to "describe the protocol procedures in treating an injured inmate (under your control), specifically, inmates mandating treatment from medical specialist outside the jail facility, and whom do you seek approval from to obtain such treatments." Dr. Donaldson's response: "Inmates at C.C.A.D.C. were never 'under my control.'" [Doc. 74 at 9.]

The answer is inadequate. Dr. Donaldson gives the interrogatory an unreasonably narrow interpretation by focusing exclusively on the parenthetical "under your control." If the term "under your control" is an impediment to a full response, Dr. Donaldson may formulate an answer that responds to the substance of the interrogatory without conceding that inmates were "under his control." The Motion to Compel is granted as to Interrogatory No. 6.

Interrogatory No. 8

Interrogatory No. 8 asks Dr. Donaldson to provide correct names, qualifications, last known addresses, and anticipated statements for five individuals, purportedly nurses under his authority. Dr. Donaldson answered that he does not have the information requested. [Doc. 74 at 10.]

The Court finds the answer acceptable, given that Dr. Donaldson has stated under oath that he does not have the information.[1] The Motion to Compel is denied as to Interrogatory No. 8.

Interrogatory No. 11

---

[1]The Court reminds Dr. Donaldson, however, that he cannot refuse to answer on the grounds that the information is not in his personal possession if it is reasonably available to him and can be produced without undue labor or expense. *See Nat'l Fire Ins. Co. of Hartford*, 264 F.R.D. at 238. Dr. Donaldson is under a duty to supplement his answers if he learns any of his responses are incomplete or incorrect. Fed.R.Civ.P. 26(e)(1).

Interrogatory No. 11 states: "Regarding inmate grievances written specifically against your conduct for inadequate medical treatment of an inmate, including Plaintiff[']s grievances, how many did you respond to in writing resolving an issue of inadequate medical treatment within the last 3 years?" Dr. Donaldson answered: "Plaintiff's Complaint is the only complaint arising out of C.C.A.D.C. that I have responded to in the last three years." [Doc. 74 at 11.]

Duran's objection in essence is that the answer is not responsive because the interrogatory asks about "grievances" not "complaints." [Doc. 74 at 11.] The Court agrees Dr. Donaldson's answer is ambiguous and could be interpreted as identifying only inmate lawsuits. The Motion to Compel is therefore granted as to Interrogatory No. 11. Dr. Donaldson should revise or augment his answer to state the number of inmate grievances he has responded to in the last three years.

Interrogatory No. 12

Interrogatory No. 12 asks Dr. Donaldson to "explain any training you received in utilizing the C.C.A.D.C. medical grievance process insuring an inmate won't be denied access to your services or injured from denied access." Dr. Donaldson answered: "I do not believe I received training to insure an inmate would not be denied access to my treatment and was not responsible for inmate access to my treatment." [Doc. 74 at 11.]

The Court finds the answer sufficiently responsive. The Motion to Compel is denied as to Interrogatory No. 12.

Interrogatory No. 14

Interrogatory No. 14 states: "Upon an inmate[']s request for medical treatment needing your services to acquire prescribed antibiotics, pain medications, psycotropics [sic] in addition to adjusting doses or changing a prescribed medication, please explain how your [sic] able to provide such services without evaluating the inmate personally and if there is a process or C.C.A.D.C. policy

-7-

for such inmate request, please explain." Dr. Donaldson's answer: "I treat patients with the applicable standard of care." [Doc. l74 at 12.]

The Court finds the answer is not full, sufficient or complete. It is a generic response—essentially a legal conclusion—and is devoid of factual detail. The Motion to Compel is granted as to Interrogatory No. 14. Dr. Donaldson shall be required to augment his answer.

Interrogatory No. 20

Interrogatory No. 20 states: "Please list all qualified medical treatments you are licensed as a physician to provide C.C.A.D.C. inmates, including prescribing psycotropics [sic] to mentally ill inmates and diagnosing an inmate['s illnesses." Dr. Donaldson's answer: "I am trained in internal medicine. I have a New Mexico medical license." [Doc. 74 at 13.]

The Court finds the answer is not sufficient. Identifying a medical specialty may be partially responsive through inference, but it falls short of the requirement that answers to interrogatories be explicit. The Motion to Compel is granted as to Interrogatory No. 20. Dr. Donaldson shall be required to augment his answer.

Interrogatory No. 22

Interrogatory No. 22 states: "On 4.13.2005 Plaintiff was arrested on a d.u.i. and brought to the C.C.A.D.C. after release from the Presbyterian Hospital and was released on recognizance due to numerous open wounds by C.C.A.D.C. Sgt. Ms. Teri aka Nurse Teri. If you authorized such release please explain your reason or give an opinion as to why Plaintiff was not held in jail." Dr. Donaldson's answer: "I do not authorize the release of criminals under police custody." [Doc. 74 at 14.]

The Court finds the answer evasive. Either Dr. Donaldson authorized the release of Duran on April 13, 2005, or he did not. Dr. Donaldson shall respond and give an explanation or opinion if appropriate. The Motion to Compel is granted as to Interrogatory No. 22.

### 3.      Interrogatories to which Dr. Donaldson objected

Dr. Donaldson objected to Interrogatories 5, 7, 9, 10, 13, 15, and 16. The objections were untimely and therefore waived. Fed.R.Civ.P. 33(b)(4). Accordingly, the Motion to Compel is granted as to these interrogatories.

Dr. Donaldson complains he will incur peril if he is required to interpret inartfully drafted interrogatories, and if the Court compels him to answer, his answer will be that he does understand the interrogatories. [Doc. 77 at 2.] If he answers in this manner, the Court will hold his answers noncompliant with this Order.

A party has a duty to answer to the extent an interrogatory is not objectionable and can be narrowed to an appropriate scope. *See Moses v. Halsted*, 236 F.R.D. 667, 672 (D. Kan. 2006). Although the Court agrees some of the interrogatories were inartfully drafted, with the exception of Interrogatory No. 10, Duran attempted to cure any vagueness or incoherence by submitting "reiterated" versions. [Doc. 74 at 23–28.] The Court has reviewed Duran's revised interrogatories and concludes they are sufficiently intelligible to require an answer. They appear to represent a good faith effort to devise more specific and coherent interrogatories. Dr. Donaldson should be capable of formulating answers that respond to the substance of the interrogatories without incurring undue peril.

Duran did not "reiterate" Interrogatory No. 10. Interrogatory No. 10 in essence asks whether CCADC policy, or any other policy under which Dr. Donaldson is qualified to treat CCADC inmates, requires him to be insured when treating inmates in County or State custody. [Doc. 74 at 11.] The interrogatory also asks Dr. Donaldson to provide his insurer's name, address, and the minimum coverage for liability purposes. Dr. Donaldson objected that the interrogatory is vague, but went on to respond that he does not know CCADC's policy regarding insurance. [Id.]

Even if the vagueness objection were timely, it is without merit.  Dr. Donaldson has not met his burden of demonstrating how the interrogatory is vague or susceptible of multiple meanings. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 662 (D. Kan. 2004) (party objecting to discovery as vague has duty to show how the discovery request is vague).  The Court does not find the interrogatory vague; the interrogatory appears, if anything, hyperspecific.  Dr. Donaldson has answered in part by denying knowledge of CCADC's policy regarding insurance.  He shall further answer the interrogatory by providing information regarding his insurer's name, address, and minimum coverage for liability purposes—information that is discoverable and presumably would have been automatically disclosed if this case were subject to the initial disclosures requirement.

### 4.    Requests for Production

Duran propounded 14 requests for production.  Dr. Donaldson produced no documents and answered each request "I do not have a copy of these documents in my possession, custody or control.  [Doc. 74 at 14–16.]  In opposing the Motion to Compel, Dr. Donaldson states the documents Duran seeks are presumably in the custody of CCADC.  [Doc. 77 at 2.]

The Federal Rules of Civil Procedure require production of documents "in the responding party's possession, custody, or control."  Fed.R.Civ.P. 34(a)(1).  Many of Duran's requests for production relate to documents that likely are in CCADC's control; however, several do not.  The Court finds it surprising, for example, that Dr. Donaldson does not have possession, custody, or control over any documents certifying him as a physician (Request for Production No. 7) or authorizing him to provide medical treatment to inmates (Request for Production No. 8).  Despite the Court's reservations, however, there is no evidence indicating to the contrary.

Regarding the remaining requests for production, if Dr. Donaldson has "control" of the documents requested, he is not necessarily relieved of the responsibility to produce them merely because they are not in his immediate physical possession.  "Control comprehends not only

possession but also the right, authority, or ability to obtain the documents." *ICE Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (D. Kan. 2007) (brackets, quotation marks, and footnote omitted).  "[D]ocuments are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the *legal right to obtain the documents on demand*." *ICE Corp.*, 245 F.R.D. at 517 (emphasis in original; footnote omitted).

"Without an expanded scope of production, a third party with a significant interest in the litigation could stymie the rules of discovery to the disadvantage of the party seeking production and the court." *ICE Corp.*, 245 F.R.D. at 517 (footnote omitted).  "Rule 34 performs the salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third-party source." *RTC v. Deloitte & Touche*, 145 F.R.D. 108, 111 (D. Colo. 1992).

When a party seeks from another party documents that may be in the physical possession of a nonparty, courts sometimes must undertake an inquiry into the actual relationship between the party and the nonparty.  *See ICE Corp.*, 245 F.R.D. at 517.  "The party seeking production of documents bears the burden of proving that the opposing party has the control required under [Rule 34]." *ICE Corp.*, 245 F.R.D. at 516.  "For the moving party to demonstrate control may prove difficult because the discovery sought is in the actual possession of a party other than the party to whom the request is addressed." *ICE Corp.*, 245 F.R.D. at 517.  An inquiry in this case is not possible at this time because there is no record evidence regarding the exact nature of the relationship between Dr. Donaldson and CCADC.  Depending on the course of this case, an inquiry may be appropriate in the future.

Because Duran bears the burden and has failed to meet it, the Motion to Compel as to documents must be denied at this time.  While the Motion to Compel must be denied as to the requests for production because there is an absence of evidence on the issue of custody or control,

the case law makes clear that if Dr. Donaldson has the legal right to demand the documents or the ability to easily obtain them, he is obligated to do so.

## III.    CONCLUSION

The Motion to Compel is **GRANTED as to Interrogatories 3, 4, 6, 11, 14, 20, and 22.**  Dr. Donaldson shall serve revised or augmented, and verified answers **within 14 days** from the date of this Order.  Though Dr. Donaldson is not required to volunteer information not requested, his incomplete and nonresponsive answers to many of the interrogatories give the appearance of attempting to impede the flow of information.  The answers do not comply with the purpose of discovery which is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  *United States v. Proctor and Gamble Co.*, 356 U.S. 677, 682 (1958).  Dr. Donaldson's revised answers should demonstrate a good faith effort to adhere to this principle.

The Motion to Compel is **DENIED as to Interrogatories 2, 8, and 12, and as to the Requests for Production.**  Dr. Donaldson is, however, under a duty to supplement if he comes to believe his previous responses were incorrect or incomplete under the standards the Court has outlined.

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**United States Magistrate Judge**

-12-