IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                                      Case No. 1:09-cv-758 BB/DJS

LESLIE DONALDSON, et al.,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Plaintiff's "Subpoena Certificate" [Doc. 80.] The Court construes the document as a request to serve a subpoena on behalf of the indigent Plaintiff. For the reasons stated below, the Court denies Plaintiff's request to serve the subpoena.

Plaintiff Leo Duran is *pro se* and currently incarcerated. He alleges prison officials violated various of his civil rights while he was incarcerated at the Curry County Adult Detention Center ("CCADC") in Clovis, New Mexico. Duran's predominate claim is an Eighth Amendment claim that prison officials were deliberately indifferent to a serious medical need, specifically, a hand injury Duran suffered in 2007. Duran also appears to allege he was placed in "isolation" without due process where he was made to live in unsanitary conditions, and that he was denied access to law books and to mental health services. [Docs. 17, 21, 33.] Duran has prepared and submitted to the Court a subpoena for documents directed to the CCADC Jail Administrator, and he apparently requests the Court's assistance in serving the subpoena.[1]

---

[1] CCADC is where Duran was incarcerated during the times relevant to his claims. CCADC was originally named as a defendant in this action, but has been dismissed.

Duran has been granted leave to proceed without prepayment of costs pursuant to the *in forma pauperis* statute, 28 U.S.C. section 1915. [Doc. 3.] The *in forma pauperis* statute states that "officers of the court shall issue and serve all process, and perform all duties in such cases [in which a litigant has been granted leave to proceed *in forma pauperis*]." 28 U.S.C. §1915(d).

Assuming "process" as used in this statute includes service of subpoenas on behalf of an indigent party, the Court nevertheless concludes Duran's *in forma pauperis* status does not entitle him to service of the subpoena he submitted. The subpoena is patently excessive and overbroad. Refusing to serve it is the most prudent means to prevent an abuse of the subpoena power and the *in forma pauperis* privilege.

The subpoena seeks documents for the period 2002 through 2009 and includes: grievances and disciplinary reports against any CCADC staff members; CCADC policies on grievances, law library, and medical and psychiatric care; employee training manuals and handbooks; deaths reported; reports of employees bringing contraband into the facility; reports of past jail administrators forced to resign; escape reports; reports of disturbances in the isolation unit; descriptions of treatments available in the medical unit and criteria for admission into the medical unit; and last known addresses an emergency contact numbers for certain employees. [Doc. 80-1 at 1.] Many of these requested documents pre-date Duran's injury by five years, have no bearing on his claims, and no relationship to the named defendants. The subpoena clearly is intended to require production of a large number of documents at significant burden and expense to the responding party.

The Federal Rules of Civil Procedure provide for protection of persons subject to a subpoena:

>A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed.R.Civ.P. 45(c)(1). Rule 45 requires the Court to sanction a party responsible for issuing a subpoena that imposes an undue burden on the responding party.

In the usual case, an abusive subpoena would be brought to the Court's attention by objections and a motion to quash after the subpoena is served. In this case, the subpoena has been presented to the Court to effect service on behalf of an indigent party. Although Rule 45 requires a responding party to object to a subpoena and move to quash, Fed.R.Civ.P. 45(c)(2)(b), (c)(3), the Court sees no reason to serve a subpoena that is plainly abusive and to impose on CCADC the burden of objecting and filing a motion. Because Duran is presumably indigent, he likely is immune to monetary sanctions and they are not apt to deter him from using a subpoena to make unreasonable demands on nonparties.

The grant of *in forma pauperis* status also does not entitle Duran to impose on court officers the burden of serving a subpoena that is objectionable on its face. The Court has a broad grant of discretion to manage *in forma pauperis* actions, including the discretion to dismiss a case at any time if the Court determines the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B(ii); *see also* 42 U.S.C. § 1997e(c)(1) (requiring court to dismiss prison condition actions that are frivolous or malicious). The Court also has authority to develop the record as necessary. *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The Court does not read the *in forma pauperis* statute to permit a party to enlist the court's assistance in perpetrating a violation of the Federal Rules of Civil Procedure simply because he is indigent.

Finally, the Court notes that Duran has been unsuccessful at obtaining documents through requests for production propounded on Defendant Dr. Donaldson. The Court denied Duran's motion

to compel the documents for the reasons stated in the *Memorandum Opinion and Order* filed concurrently herewith. [Doc. 81.] The requests for production Duran served on Dr. Donaldson though fruitless nevertheless were far more modest in scope compared to the excessive subpoena Duran seeks to serve on CCADC.

For these reasons, the Court finds it appropriate to refuse to serve the subpoena and accordingly denies Duran's request. The Court will, however, entertain a request from Duran to serve a subpoena that is properly limited in scope, or that is directed to discovering addresses for service on Defendants Janice Davis, Teri Leslie, and Tamara Curtis.

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**United States Magistrate Judge**