IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                              Case No. 1:09-cv-758 BB/DJS

LESLIE DONALDSON, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases* [Doc. 4], entered August 6, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court recommends Plaintiff's *Motion for Leave to File an Amended Complaint* ("Fifth Motion to Amend") [Doc. 110], filed September 30, 2011, be **DENIED**.

### BACKGROUND

Plaintiff Leo Duran is a *pro se* prisoner litigant. He filed his original complaint on August 4, 2009, alleging constitutional violations arising from allegedly inadequate medical treatment and other deprivations he claims to have suffered while incarcerated at Curry County Adult Detention Center. [Doc. 1.] Except for one motion to which he failed to attached the proposed amended pleading in violation of the Local Rules [Doc. 86 (Order denying fourth request to amend)], the Court has largely granted Duran's previous requests to amend such that the operative pleading now

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

consists of the following three documents: a 150-page Amended Complaint [Doc. 17], a 19-page Supplemental Statement [Doc. 21], and a 17-page Supplement Complaint [Doc. 33].

Duran now seeks leave to file a new amended complaint consisting of over 140 pages. [Doc. 110-1, 110-2, 110-3.] The proposed amended complaint would add four new defendants: Curry County, two purported Curry County commissioners, and the Sheriff of Curry County. This is Duran's fifth request to amend. [Docs. 10, 19, 29, 84 (previous motions to amend).]

## DISCUSSION

The Rules of Civil Procedure require the Court to freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). The Court concludes that justice would not be served by permitting Duran to file his proposed amended complaint. The proposed amended complaint violates Rule 8 of the Federal Rules of Civil Procedure which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Duran's proposed amended complaint is neither short nor plain.

First, the proposed amended complaint is not short: it is in excess of 140 pages. The unmanageable length is due to a number of factors, most of which could be eliminated without prejudicing any claims. For example, case citations and legal argument account for a substantial part of the length. Although not strictly prohibited in a pleading, they are unnecessary. The standard form XE-2 2/78 "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," portions of which Duran utilized in his original and amended complaints [Docs. 1, 17], expressly instructs litigants to provide facts and to omit legal authority and argument.

Also adding to the unnecessary bulk are countless references to exhibits and discovery materials. For purposes of a motion to dismiss, plausible and well-plead allegations are accepted as true, even if doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a plaintiff need not set out his proof in the complaint. *See id.* at 556 (holding that plausible grounds

"simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [to support the claim]").

Furthermore, the proposed amended complaint is weighted with pages of wholly unnecessary introduction and procedural background. It also contains numerous miscellaneous allegations regarding "chaos," past scandals, and escapes from Curry County Adult Detention Center that are irrelevant to Duran's claims. *See, e.g.*, Doc. 110-3 at 30–36.

Second, the proposed amended complaint is not plain. The purpose of Rule 8 is to eliminate prolixity and achieve brevity, simplicity, and clarity. *Chavez v. Huerfano County*, 195 F.App'x 728, 730 (10th Cir. 2006) (unpublished) (quoting *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)). Section 1983 claims against multiple defendants, such as Duran is attempting to assert, are susceptible to failures in notice and plausibility. *See Robbins v. Okla.*, 519 F.3d 1242, 1249 (10th Cir. 2008). Plaintiffs therefore must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1249–50 (italics in original; citation omitted).

The proposed amended complaint suffers from excessive detail and rhetoric which overwhelm and obscure the relevant allegations. It consists primarily of an exhaustive narrative that is long on detail and repetition and short on organization. Although pro se pleadings are not held to the same standards as pleadings drafted by lawyers, Duran's proposed amended complaint imposes too great a burden on the Court and on the Defendants to identify the relevant allegations.

Multiplying the burden of the proposed amended complaint is its incorporation of the previous pleadings, which are already numerous and lengthy. [Doc. 110-1 at 2.] Furthermore, although the proposed amended complaint for the most part contains numbered paragraphs, the usefulness of the paragraph numbers is greatly diminished by the length of the paragraphs, some of

which go on for pages.  *See, e.g.*, ¶ 14, Doc. 110-1 at 23–28.]  The grouping together of diverse allegations further contributes to difficulty in discerning claims.  *See, e.g.*, Doc. 110-2 at 29–32 (allegations regarding library access, grievance procedures, segregation policies, and unsanitary conditions).  Further supporting the Court's conclusion that leave to amend should be denied is its conclusion that the claims the proposed amended complaint attempts to assert against at least one defendant, Lois Bean, are subject to dismissal.  [Doc. 131 at 14–18 (*Magistrate Judge's Proposed Findings and Recommended Disposition*).]

## CONCLUSION

Duran has already burdened the Court and Defendants with several lengthy and unwieldy pleadings.  It would be manifestly unfair to require any defendant to respond to an additional massive complaint.  The Court sees no reason to allow an unreasonably lengthy and rambling pleading that contains multiple futile claims.  Accordingly, Plaintiff's Fifth Motion to Amend [Doc. 110] should be denied.

_____
**DON J. SVET**
**United States Magistrate Judge**