# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                                       Case No. 1:09-cv-758 BB/DJS

LESLIE DONALDSON, et al.,

    Defendants.

## ORDER

    THIS MATTER comes before the Court on two motions, both filed October 31, 2011: (1) Plaintiff's "Motion for Leave to Submit Exhibits Under D.N.M.LR-Civ. 7" [Doc. 117]; and (2) Plaintiff's "Motion for Leave to Add Exhibits to Plaintiff's Amended Complaint" [Doc. 118]. Both motions seek the same relief: permission to add exhibits to a proposed amended complaint. Both motions will be denied.

    Plaintiff Leo Duran is a *pro se* prisoner litigant. He seeks relief from Local Rule 10.4[1] so that he can file 317 documents in support of his claims. [Doc. 117 at 2.] The documents he wishes to submit are medical and administrative records obtained from various sources. [Id.] Duran offers four reasons the Court should allow him to file these documents. First, he claims the proposed exhibits support the allegations in the amended complaint he has sought leave to file [Doc. 110] and are necessary to avoid dismissal. Second, he argues the documents form the basis of his claims. Third, he believes if his pending motion to amend is granted and the proposed amended complaint becomes the operative pleading, exhibits to the existing pleadings will be "rendered exempted."

---

[1] Local Rule 10.4 states: "Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense."

Fourth, he has had difficulty trusting officials at his current place of incarceration with his legal documents.

None of these reasons persuade the Court Duran should be permitted to attach 317 documents to the proposed amended complaint, which is already in excess of 140 pages long. First, well-plead allegations in a complaint are accepted as true for purposes of a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, documentary support is not necessary to avoid dismissal at the pleadings stage. *See id.* at 556 (holding that plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [to support the claim]"). Consistent with these principles, the Court recommends Defendant Lois Bean's motion to dismiss on qualified immunity grounds be granted—not because Duran's pleadings lack documentary support, but because they fail to state a constitutional claim against her even if the allegations are true. [Doc. 131.]

Second, the Court does not agree the documents Duran wishes to attach to his proposed amended complaint form the basis of his claims. The basis of his claims is the alleged conduct of defendants while Duran was incarcerated at the Curry County Detention Center. The documents are merely potential evidence.

Third, in the Court's view, Local Rule 10.4 aligns with the notice pleading requirement embodied in Rule 8 of the Federal Rules of Civil Procedure and reflects a policy of discouraging parties from weighing down pleadings with voluminous or unnecessary documents. Duran confuses a legal brief, whose purpose is to set forth legal authority and argument, with a complaint, whose purpose is merely to provide a short and plain statement of the grounds for relief. The Court recommends Duran's fifth motion to amend [Doc. 110] be denied in large part because it is too long and contains pages of unnecessary case citations. [Doc. 132.] Adding 317 more documents consisting of medical and administrative records would merely compound the problem.

Fourth, Duran's final argument suggests he wishes to submit the documents to the Court for safekeeping. The request must be denied because the Court's files are not a repository for discovery materials.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Leave to Submit Exhibits Under D.N.M.LR-Civ. 7" [Doc. 117] and (2) Plaintiff's "Motion for Leave to Add Exhibits to Plaintiff's Amended Complaint" [Doc. 118] are **DENIED.**

_____
**DON J. SVET**
**United States Magistrate Judge**