IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                                        Case No. 1:09-cv-758 BB/DJS

LESLIE DONALDSON, et al.,

    Defendants.

## ORDER

This matter is before the Court on the "Letter to the Honorable Magistrate Judge DJ Svet" [Doc. 134], in which pro se Plaintiff Leo Duran requests leave to "respond to Defendant Bean's Motion to Dismiss and Memorandum in Support of Motion to Dismiss on the Basis of Qualified Immunity [Doc. 101] under excusable neglect[.]" [Doc. 134 at 5.] The request is **DENIED** because Duran has already responded to Bean's motion to dismiss and there is no need for further response.

Defendant Bean moved to dismiss the claims against her and Duran responded by conceding the motion had merit. He admits his Amended Complaint[1] is "hopelessly inadequate and ill prepared" and "subject to dismissal under [Fed.R.Civ.P. 12(b)(6)]." [Doc. 109 at 4; Doc. 125 at 8.] In lieu of filing a brief in opposition to Bean's motion to dismiss, Duran moved the Court to defer ruling on the motion until after it "has had a chance to receive, review and conclude its judgment on Duran's proposed amended complaint." [Doc. 109 at 4.] Duran stated his proposed amended complaint would "cover each issue in Defendant Bean's motion to dismiss on the basis of qualified immunity...and render[ ] (her) motion useless[.]" [Doc. 109 at 4–5.] The Court implicitly granted Duran's request for deferral and withheld a recommendation on Bean's motion to dismiss until after

---

[1] Duran's "Amended Complaint" consists of three separate documents: Docs. 17, 21, and 33.

it had received, reviewed, and evaluated the proposed amended complaint. [Doc. 131, § V (concluding Duran's proposed amended complaint fails to state a claim against Bean).]

Duran's motion to amend and proposed amended complaint [Doc. 110]—which the Court accepted in lieu of a response to Bean's motion to dismiss—included not only additional factual allegations against Bean, but also legal authority and argument as to why Duran believes Bean is not entitled to qualified immunity. [Doc. 110-3 at 27–30.] Duran's reply[2] in support of his request to amend contained still further argument in opposition to dismissal of the claims against Bean and was intended as his response to Bean's motion to dismiss. [Doc. 125 at 7–40; Doc. 126, ¶ 13.]

Duran has had ample opportunity not only to be heard in opposition to Bean's motion to dismiss, but also to attempt to correct the pleading deficiencies Bean identified. No purpose would be served by requiring or allowing him to submit an additional response. The request contained in Duran's letter [Doc. 134] is therefore **DENIED.**

_____
**DON J. SVET**
**United States Magistrate Judge**

---

[2] Duran's reply is erroneously designated as a "response." [Doc. 125.]