IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LEO L. DURAN,**

    **Plaintiff,**

**vs.**                                                                                                     **Case No. 1:09-cv-758 BB/DJS**

**LESLIE DONALDSON, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on "Plaintiff Duran's Motion and Memorandum Appealing Magistrate Judge's Proposed Findings and Recommended Disposition" [Doc. 139], filed January 13, 2012 ("Objections") and on Plaintiff's "Motion for Reargument or Reconsideration" [Doc. 141], filed January 26, 2012. The Court **grants** the "Motion for Reargument or Reconsideration," and, applying a de novo standard of review, **overrules** the Objections.

**I.   UNTIMELY OBJECTIONS**

On December 22, 2011, the Magistrate Judge filed a report recommending Duran's claims against Defendant Lois Bean be dismissed with prejudice. [Doc. 131 ("PFRD").] Objections to the PFRD were due January 9, 2012. Duran did not file timely objections and the Court entered an order adopting the PFRD and dismissing the claims against Bean on January 12, 2012. [Doc. 137.]

Duran filed Objections on January 13, 2012. [Doc. 139.] On January 26, 2012, he filed his "Motion for Reargument or Reconsideration" in which he attempts to invoke the prison mailbox rule and asks the Court to excuse the delay. [Doc. 141.] Without deciding whether Duran has satisfied the requirements of the prison mailbox rule, the Court excuses the four-day delay in filing the Objections.

## II.     ANALYSIS

### A.     Magistrate Judge's Report

The Magistrate Judge concluded Duran's claims against Defendant Lois Bean should be dismissed with prejudice because his Amended Complaint[1] fails to state a claim against her and his proposed amended complaint [Doc. 110] did not correct the deficiencies. Nothing in Duran's Objections convinces the Court these conclusions are in error.

Although Duran objects to the dismissal of his claims against Bean, he has repeatedly acknowledged the Amended Complaint is deficient and subject to dismissal. [Doc. 109 at 4 (describing Amended Complaint as "hopelessly inadequate and ill prepared"); Objections at 2 (stating Magistrate Judge's "erroneous conclusion" was based on Duran's "miscomprehension" in drafting the Amended Complaint).] The Magistrate Judge nevertheless evaluated the Amended Complaint and the proposed amended complaint to determine whether they stated plausible claims against Bean.

### B.     Duran's Objections

A *de novo* review applies to the Objections. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3). Even under a *de novo* standard, however, the Objections lack merit.

#### 1.     Failure to advise pro se litigant

Duran objects that the Court failed to inform him of the importance of responding to Bean's motion to dismiss. [Objections at 4–6.] The objection is overruled.

The Magistrate Judge never determined that Duran failed to respond to Bean's motion to dismiss, nor did he rely on any such purported failure in recommending that Bean's motion to

---

[1]Duran's Amended Complaint consists of documents 17, 21, and 33.

dismiss be granted. To the contrary, the Magistrate Judge withheld a recommendation on the motion to dismiss, and provided Duran an opportunity to attempt to amend in lieu of filing a brief in opposition to the motion. [Doc. 135.] In addition, Duran filed a reply brief [Doc. 125] in support of his amendment, which the Magistrate Judge also considered. To the extent any of Duran's motions were "improper" or mistaken, as he contends, he was not penalized. All of his filings opposing dismissal received a liberal construction and thorough consideration.

### 2.     **Inadequate medical care**

Duran claims he received inadequate medical care for a hand injury while he was incarcerated at the Curry County Adult Detention Center ("CCADC"). He objects that the Magistrate Judge improperly characterized the alleged medical delays as minor and the subsequent infection as insufficiently serious. [Objections at 6–7, 10.] The objection is overruled.

The Magistrate Judge did not characterize any alleged delay as minor, nor did he conclude the infection was not serious. To the contrary, the Magistrate Judge assumed for purposes of analysis that both the initial hand injury and subsequent infection constituted serious medical needs satisfying the objective prong of the *Estelle v. Gamble*[2] standard. [PFRD at 9.]

The Court agrees, however, that the claim does not satisfy the subjective component. An official does not act with deliberate indifference unless the official is (1) aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) also draw the inference. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir.2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Amended Complaint fails to adequately allege that any defendant was deliberately indifferent.

---

[2]427 U.S. 97 (1976).

### 3. Failure to consider the conduct of Donaldson and Curtis

Duran objects that the Magistrate Judge failed to consider the conduct of Defendants Donaldson and Curtis. [Objections at 7, 10, 11.] The objection is overruled.

The Objections include numerous allegations regarding the conduct of Defendants Donaldson and Curtis. *See, e.g.*, Objections at 8, 9, 10, 11. To the extent the allegations and arguments asserted in the Objections were not included in the Amended Complaint, the Court does not consider them. *Moya v. Schollenbarger*, 465 F.3d 444, 457 n.16 (10th Cir. 2006) (on a motion to dismiss, court is limited to assessing allegations contained within the four corners of the complaint); *see also Jojola v. Chavez*, 55 F.3d 488, 494 & n.8 (10th Cir. 1995) (extraneous arguments in brief may not be relied upon to circumvent pleadings deficiencies).

Furthermore, the conduct of Donaldson and Curtis is largely irrelevant to determining whether Duran has stated a claim against Bean. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (holding personal participation is an essential allegation of constitutional claim). The Magistrate Judge was not required to consider their conduct because Duran's claims against Defendants Donaldson and Curtis were not at issue. Only Defendant Bean moved for dismissal and only the claims against her were dismissed.

### 4. Denial of reconstructive surgery

Duran claims Defendant Bean, who was warden of CCADC for a period briefly overlapping with Duran's incarceration, is liable for failing to transport him to a scheduled appointment for reconstructive surgery on his right ring finger. The Magistrate Judge recommends this claim be dismissed with prejudice because the medical need was not sufficiently serious to state a constitutional violation. [PFRD at 10–11.]

Duran objects that the Magistrate Judge should not have characterized his reconstructive surgery as elective and that he erred by concluding it was not a serious medical need. [Objections at 7, 18–20.] The objection is overruled. It was Duran himself who characterized the surgery as elective. [Doc. 113-3 at 27.] The Magistrate Judge properly accepted the characterization.

There is nothing in the Amended Complaint nor in the Objections that convinces the Court the reconstructive joint replacement surgery constituted a serious medical need. "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citation and quotation marks omitted). The Amended Complaint describes the operation as "reconstructive surgery." [Doc. 17-1 at 10.] The Objections state the surgery would restore Duran's grip strength and relieve the pain he experiences when lifting weights or playing handball and softball. [Objections at 19–20.] Even assuming a physician prescribed or recommended the surgery as beneficial, the Amended Complaint does not plausibly allege the surgery was mandated for Duran's health.

As the Magistrate Judge noted, surgery that is elective is by definition not mandated. The cases Duran cites do not convince the Court he has stated a constitutional claim. In *Monmouth County Correctional Institutional Inmates v. Lanzaro*, the Third Circuit held that prison officials evinced deliberate indifference to inmates' serious medical needs by adopting a policy not to provide elective abortions. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987). In determining that elective nontherapeutic abortions constituted a serious medical need under the *Estelle* standard, the Third Circuit stated:

> Pregnancy is unique. There is no other medical condition known to this Court that involves at the threshold an election of options that thereafter determines the nature of the necessary medical care. In other words, the condition of pregnancy, unlike cancer, a broke arm or a

5

>  dental cavity, will require very separate treatment depending on the option—childbirth or abortion—that the woman elects to pursue.

*Monmouth County*, 834 F.2d at 348. Thus, although an abortion may be classified "elective" because it is not a medical necessity, the *Estelle* standard was satisfied because a delay in providing an abortion to an inmate who requested one could render the inmate's condition "irreparable." *Id.* at 349.

Duran's joint replacement surgery cannot be analogized to the situation in *Monmouth County*. The joint replacement surgery is not "elective" in the same sense as an elective abortion. There is no indication Duran could not have the surgery at a later time or that delay in having the surgery results in consequences of the same magnitude as those expressed in *Monmouth County*.

### 5. Delay in providing antibiotics

One component of Duran's medical care claim consists of an alleged failure by CCADC officials in providing antibiotics for an infection. Duran objects that the Magistrate Judge incorrectly stated that there was only one delay, consisting of approximately a week. [Objections at 12–13.] Duran asserts the description is incorrect because the delay was in fact 18 days, a mischaracterization he attempted to clarify in his proposed amended complaint. [Id. at 13–16.] In the Objections, Duran also supplies additional factual detail and documents regarding the course of treatment he received for the infection in the weeks following the initial injury. [Id.]

Duran further objects the Magistrate Judge incorrectly inferred that "the risks posed by the infection were not so obvious or acute that any defendant should have been alerted to the need for expedited treatment." [PFRD at 10; Objections at 16–17.] The Magistrate Judge drew this inference from Duran's allegations that he saw Dr. Cheema in January 2008, that Dr. Cheema prescribed antibiotics and did not request a followup visit any sooner than four weeks. [PFRD at 10.]

These objections are overruled.  The Magistrate Judge concluded the Amended Complaint alleged two delays in connection with the infection, not one. [PFRD at 9.]  Furthermore, Duran does not claim the Magistrate Judge incorrectly characterized the allegations in the Amended Complaint.  Rather, he concedes the Amended Complaint requires clarification and additional factual detail in order to state a claim.

Even if the Court were to consider the additional allegations contained in the Objections, they do not relate to the time when Bean was warden of the facility nor do they suggest personal involvement on her part.  Duran states that the damage caused by the delay in December 2007 had already been done by the time he saw Dr. Cheema in January 2008.  He concedes there was "very little evidence of active infection" as of January 21, 2008, and claims Defendants Donaldson and Curtis failed to conduct tests that would have revealed the infection. [Objections at 17.]  These allegations further support the conclusion that the Amended Complaint fails to allege deliberate indifference during a time period related to Bean.  They serve merely to strengthen the inference that the Amended Complaint contains no factual basis to support a deliberate indifference claim beyond the date of the appointment with Dr. Cheema.

Finally, Duran points to and describes evidence (x-rays and doctors' reports) that he claims months later showed the damage caused by the infection. [Objections at 17.]  This objection and the purported evidence are directed to the element of damages, which is not at issue.  The dismissal of Duran's claims was not based on a failure to allege damages.

    **6. Failure to review evidence**

Duran objects the Magistrate Judge "mistakenly" did not review evidence. [Objections at 16.]  The objection is overruled.  The court does not review evidence on motions to dismiss or on motions for judgment on the pleadings.  *Moya*, 465 F.3d at 457 n. 16 (on a motion to dismiss, court

is limited to assessing allegations contained within the four corners of the complaint); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (same standard applies to both 12(b)(6) and 12(c) motions).

### 7. Conditions of confinement claim - use of isolation cells

Duran opposes the dismissal of his isolation cell claim and objects to the Magistrate Judge's conclusion that his proposed amended complaint does not state a claim against Bean for allegedly placing him in "punitive segregation." [Objections at 20–23.] The objection is overruled.

The Amended Complaint alleges CCADC officials, including Bean, placed Duran in isolation for purposes of discipline. [Doc. 17-1 at 13, 14, 18.] Duran does not object to the Magistrate Judge's assumption that he was a pretrial detainee during the relevant time period or that the appropriate standard is whether the restriction amounts to punishment. Instead, he argues the Magistrate Judge incorrectly concluded that neither the Amended Complaint nor the proposed amended complaint plausibly allege the use of segregation was punitive. [Objections at 20– 24.]

Effective management of the jail facility "is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Bell v. Wolfish*, 441 U.S. 520, 540 (1979). The Magistrate Judge concluded Duran's allegations of punishment were inconsistent with allegations that isolation cells were used to segregate the mentally ill. [PFRD at 12.] He inferred from Duran's allegations that segregation was a means to protect his safety and that of other inmates given his admitted inability to control violent urges. [Id.]

Duran objects to the inference, but continues to allege in his Objections, as he did in amended and proposed pleadings, that Bean used isolation cells as a way to separate mentally ill inmates such as himself from the general population. [Objections at 30.] Tellingly, Duran omitted

allegations of punishment from his proposed amended complaint, but has resurrected them in his Objections.

The Court disregards allegations in the Objections that contradict those in the proposed amended complaint. For example, the proposed amended complaint alleges isolation was used solely "out of not having adequate space, psychological treatments and programs for the mentally ill." [Doc. 110-1 at 33.] But the Objections state lack of space "is definitely not the reason [for using isolation cells]." [Objections at 23.] In the proposed amended complaint, Duran complained of constant noise in the isolation pod. [Doc. 110-2 at 37.] In his Objections, he complains the cells were too quiet. [Objections at 24.]

The objections are overruled. Notwithstanding his use of the label "punitive," neither the Amended Complaint nor the proposed amended complaint plausibly alleges that Duran was placed in isolation for purposes of punishment.

### 8. Failure to provide mental health services

Duran objects that Defendant Bean's counsel (and presumably the Court) misinterpreted his statement that his psychiatric needs during Bean's tenure did not require or constitute the need for emergency care. [Objections at 29.] However, that is precisely what he alleges in his proposed amended complaint. [Doc. 110-2 at 23.] Accordingly, the Court agrees the proposed amended complaint does not state a claim against Bean for denial of mental health services. The objection is overruled.

### 9. Inadequate law library

Duran objects to the denial of his inadequate law library claim. [Objections at 30–35.] Despite new and renewed allegations, however, he points to no flaw in the Magistrate Judge's analysis.

Pretrial detainees have a constitutional right to adequate, effective, and meaningful access to the courts to vindicate fundamental rights. *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985). To state a claim for violation of this right, a confined plaintiff must allege facts indicating: (1) a denial of legal resources, and (2) that the denial of such resources hindered his efforts to pursue a nonfrivolous claim. *Friedman v. Kennard*, 248 F. App'x 918, 921 (10th Cir. 2007) (unpublished).

Duran claims both that the law library at CCADC was inadequate and that he was denied access to it. He alleges that if had had access to an adequate law library during the time he was incarcerated at CCADC, he would have brought a suit for injunctive relief against the defendants for their alleged indifference to his medical needs and for their use of "punitive segregation." [Objections at 33.]

The Court concludes Duran has not stated a claim against Bean for denial of access to the courts and that amendment to attempt to do so would be futile. Bean's tenure as warden at CCADC overlapped with Duran's incarceration there from December 4, 2008 to March 17, 2009. [Doc. 110-3 at 23.] During that time, he did not suffer from a serious medical need, either psychiatric or physical, such as would have supported a nonfrivolous claim for injunctive relief. He does not contend the infection in his finger continued as a serious medical need during that time; he admits he did not require emergency psychiatric care; and the Court has concluded that the reconstructive surgery he desired does not constitute a serious medical need. Furthermore, there is no indication from the allegations in either the proposed or amended pleadings that Duran could have pursued a nonfrivolous claim for injunctive relief to prevent Bean from housing him in an isolation cell. Accordingly, the objection is overruled.

10

### 10. Futility of amendment against Bean

Duran objects to the Magistrate Judge's conclusion that any attempt to amend the claims against Bean would be futile. The Court concludes that amendment would be futile and accordingly overrules the objection.

For the most part, the Objections re-allege facts and arguments from Duran's other filings. [Objections at 37–39; 44–46.] With respect to the alleged denial of reconstructive surgery, amendment would be futile for the following reason: even assuming Bean was aware of the scheduled surgery and was personally involved in the decision not to transport Duran to the appointment, Duran cannot state a claim unless he had a serious medical need. The Court has already concluded the elective joint replacement surgery is not a serious medical need.

Duran argues that Bean is not entitled to qualified immunity because the duty she failed to perform (transport him to his surgery) was ministerial, not discretionary. [Objections at 39–43.] He claims she was not permitted to substitute her personal judgment in place of a medical professional's prescription. [Id. at 40–42.] However, dismissal in this instance does not depend on the nature of Bean's duties. Dismissal is based on the conclusion that the elective joint replacement surgery did not constitute a serious medical need.

Duran objects to the dismissal of his isolation cell claim on the grounds that the use of isolation cells to house inmates with mental illness constitutes a violation of equal protection. [Objections at 51.] Specifically, he asserts Bean "violat[ed] his equal protection rights by allowing the use of the isolation cells of the jail to house those with mental illnesses such as Plaintiff upon his return from the Department of Corrections." [Doc. 110-1 at 7.] Upon making a de novo review, the Court concludes the proposed amended complaint does not state an equal protection claim against Bean.

11

"The Fourteenth Amendment guarantee of equal protection is essentially a direction that all persons similarly situated should be treated alike." *Staley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (citation and quotation marks omtited). For equal protection purposes, mental disability is not a suspect class. *See Whitington v. Moschetti*, 423 F.App'x 767, 770–71 (10th Cir. 2011) (unpublished). Furthermore, the proposed amended complaint makes no allegation that Duran was denied a fundamental right. Therefore, Bean's alleged actions must only bear a rational relation to a legitimate purpose. *See Brown v. Zavaras*, 63 F.3d 967, 971–722 (10th Cir. 1995) (under 12(b)(6) standard, court assumes truth of the allegations in the complaint and also presumes government's actions are rational).

In this case, the Court need not indulge a presumption of governmental rationality because the allegations in the proposed amended complaint set forth a rational relationship to a legitimate purpose: maintaining jail security. In the proposed amended complaint, Duran alleges he suffers from mental illness that causes him to be unable to control outbursts of violence. [Doc. 110-2 at 14–15.] During one such incident, he struck another inmate, knocking out two of that inmate's teeth. [Id. at 15.] In that same attack, Duran incurred the hand injury that launched this lawsuit. [Id.] The assault also led to an additional 11-year sentence for Duran. [Id.] When Duran returned to CCADC in November 2007, he found Bean continuing the custom of "allowing the use of the isolation cells of the jail to house those with mental illnesses." [Id. at 7.]

Taking these allegations as true, the Court concludes that isolating Duran from other inmates could have served the legitimate purpose of maintaining jail security. Therefore, the proposed amended complaint does not state an equal protection claim against Bean. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) ("No equal protection violation occurred in this case because

the defendants' action in placing plaintiff in [administrative segregation] was rationally related to the legitimate purpose of ensuring the security of the facility.")

Duran objects to the Magistrate Judge's analysis regarding his claim of excessive noise. [Objections at 52.] The Magistrate Judge concluded that allegations Duran was regularly disturbed by noise from the kitchen area, such as carts rolling over tile and the banging of food trays against trash containers, failed to allege a sufficiently serious deprivation. [PFRD at 17.] The proposed amended complaint also describes a noisy incident that occurred in June 2010 during which several inmates used a metal desk from one of the isolation cells to break glass for the purpose of effectuating an escape. [Doc. 110-2 at 38.] Duran argues he states a claim by alleging that the noise prevented him from sleeping and aggravated his mental illness. [Objections at 53.] He cites a Seventh Circuit case for the proposition that incessant noise may be a due process violation even though it leaves no lasting injury. [Objections at 53 (citing *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988)).]

A pretrial detainee's conditions-of-confinement claim is governed by the Due Process Clause, but measured under the standards of the Eighth Amendment. *Colbert v. Bd of County Comm'rs for Okla. County*, 414 F.App'x 156, 162 (10th Cir. 2011) (unpublished). Thus, Duran's claim must satisfy both an objective and a subjective prong. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). His excessive noise claim satisfies neither prong. Kitchen noise as alleged in the proposed amended complaint does not present an objectively serious risk of harm, despite Duran's allegations that his sleep was disturbed. Furthermore, it is unclear that Duran was housed at CCADC during the June 2010 incident. The Amended Complaint alleges he left CCADC and was transported to the Department of Corrections on March 17, 2009. [Doc. 17-1 at 13.] Even if he were present, this single incident falls far short of stating a claim.

Finally, Duran requests another chance to amend so that he can correct the pleading deficiencies the Court and Bean identified and "to cure defects of nonspecific allegations." [Objections at 22, 36.] The request is denied.

Duran has had multiple opportunities to amend and has yet failed to state a claim against Bean. A review of the docket indicates Duran has had five prior opportunities to amend and his latest attempt [Doc. 110] was prepared with the benefit of Bean's motion to dismiss. The proposed amended complaint would, according to Duran "cover each issue in Defendant Bean's motion to dismiss on the basis of qualified immunity" and render the motion moot. [Doc. 109 at 4–5.] Duran also was allowed an opportunity to submit legal authority and argument opposing dismissal and supporting amendment. *See generally* Doc. 110-1 through 110-3; Doc 125 at 7–40.

The proposed amended complaint nevertheless did not cure the deficiencies, and his proposed cure—greater specificity—will not cure them either. Lack of detail is not the problem. Despite their overwhelming detail, the allegations simply do not form a legally-cognizable claim against Bean. The Court concludes any further amendments with regard to Bean would be futile.

IT IS HEREBY ORDERED that Plaintiff's "Motion for Reargument or Reconsideration" [Doc. 141], filed January 26, 2012 is **GRANTED;**

IT IS FURTHER ORDERED that "Plaintiff Duran's Motion and Memorandum Appealing Magistrate Judge's Proposed Findings and Recommended Disposition" [Doc. 139], filed January 13, 2012, is **DENIED** and Plaintiff's objections are **OVERRULED.**

                                             **BRUCE D. BLACK**
                                             **Chief United States District Judge**