## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LEO L. DURAN,**

    **Plaintiff,**

v.                                                  **No. 09-cv-0758 BB/SMV**

**CURRY CNTY. ADULT DET. CTR.,
PRESBYTERIAN HOSP.,
FNU BEAN, LESLIE DONALDSON,
JANICE DAVIS, TAMARA CURTIS,
FNU KAMERMAN, and TERI LESLIE,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SIXTH MOTION TO AMEND

THIS MATTER is before the Court on Plaintiff's [Sixth] Motion for Leave to File an Amended Complaint [Doc. 145] ("Sixth Motion to Amend" or "Motion"), filed on February 24, 2012. The Honorable Bruce D. Black, Chief United States District Judge, referred this case to the undersigned on March 19, 2012, for analysis and a recommended disposition. Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings [Doc. 147]. Defendants did not respond to the Motion, and the time for doing so has passed. The Court, having reviewed the Motion, the voluminous record, the relevant law, and being otherwise fully advised in the premises, will **RECOMMEND** that the Motion be **GRANTED IN PART** and **DENIED IN PART**. The Court **RECOMMENDS GRANTING** the Motion to the extent that:

**(1)**  the proposed amended Complaint, [Doc. 145] at 6–47, will become Plaintiff's operative pleading, supplanting all previous complaints, amended complaints, and supplements;

**(2)**  Plaintiff seeks to voluntarily dismiss all claims against Defendant Teri Leslie;

**(3)**  Plaintiff seeks to assert claims A ("Deliberate Indifference to [the Need for] Medical Care") and B ("Deliberate Indifference to [the Need for] Psychiatric Care") against Defendants Donaldson and Curtis; and

**(4)**  Plaintiff seeks to add the Board of Commissioners of Curry County as Defendants with respect to claims B ("Deliberate Indifference to [the Need for] Psychiatric Care"), C ("Deliberate Indifference to Court Access"), D ("Denial of Due Process Hearings").

The Court **RECOMMENDS DENYING** the Motion to the extent that:

**(5)**  Plaintiff seeks to add Curry County, Lance Pyle, and Robert Sandoval as Defendants because none is a proper Defendant; and

**(6)**  Plaintiff seeks to add claim E ("Deliberate Indifference to [Inh]umane Living Conditions") because such amendment would be futile.

## I. BACKGROUND

At all times relevant to this suit, Plaintiff has been incarcerated and is proceeding pro se and *in forma pauperis*. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] ("Complaint"); Order [Doc. 3]. Plaintiff filed his original Complaint [Doc. 1], comprising 37 pages, on August 4, 2009, against Curry County Adult Detention Center Medical Department, Presbyterian Hospital, Ms. Bean, Janice Davis, Dr. Donaldson, Tamara Curtis, and Dr. Kamerman for violations of his civil rights arising from an injury to Plaintiff's hand and his subsequent medical treatment.

On October 29, 2009, Chief Judge Black entered an order sua sponte, dismissing with prejudice all claims against Defendants Kamerman and Presbyterian Hospital because the Complaint failed to state a claim against them under the Eighth Amendment. Memorandum Opinion and Order [Doc. 6] at 2. Chief Judge Black also dismissed with prejudice Curry County Adult Detention Center because Plaintiff alleged no policy or custom that would trigger its liability. *Id.* at 2–3.

### A.  First Motion to Amend the Complaint

Plaintiff requested leave to amend his Complaint for the first time on December 15, 2009, because he had "obtained documents and information to support claims of 8th Amendment violation[s] and detailed information to [sic] each of the [D]efenant[']s violations." [First] Motion to Amend Complaint and Request for Leave of Court [Doc. 10] ("First Motion to Amend") at 1. Before the Court ruled on the First Motion to Amend, Plaintiff filed a 151-page First Amended Complaint on February 12, 2010, re-alleging civil rights violations arising from the medical treatment for his hand injury—about which he included copious details and supporting documentation—and alleging, for the first time, civil rights violations arising from: Defendants' placing Plaintiff in isolation and thereby denying him certain privileges unjustly; subjecting Plaintiff to inhumane living conditions; denying Plaintiff mental health services; denying Plaintiff access to a law library; and various actions related only to other inmates and not to Plaintiff himself. [Doc. 17] at 3–8. On May 6, 2010, the Honorable Don J. Svet, United States Magistrate Judge, granted Plaintiff's First Motion to Amend *nunc pro tunc* to February 12, 2012. Memorandum Opinion and Order [Doc. 24] at 3–4.

### B. Second Motion to Amend the Complaint

On March 9, 2010—before the Court had ruled on his First Motion to Amend—Plaintiff filed his [Second] Motion to Amend Complaint and to Add Additional Defendants . . [sic] and Request for Leave of Court [Doc. 19] ("Second Motion to Amend") at 1–12. Concurrently therewith, Plaintiff filed Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 19] ("Second Amended Complaint") at 13–28.[1] Plaintiff attempted to file yet another supplement to his Complaint on April 9, 2010, comprising 19 pages and asserting claims for negligence related to the medical treatment of his hand. Complaint for Negligence [Doc. 21] ("Supplemental Complaint"). Judge Svet issued Magistrate Judge's Proposed Findings and Recommended Disposition [("PF&RD")] [Doc. 26] on May 6, 2010. He recommended that the Second Motion to Amend [Doc. 19] be granted with respect to Defendant Teri Leslie but denied with respect to proposed Defendant Chief Borrega. *Id.* at 6. Judge Svet also admonished Plaintiff not to file any further pleadings that did not comply with the rules. *See id.*

Plaintiff filed objections to the PF&RD on May 14, 2010. Motion by Plaintiff Excepting Magistrate Judge[']s Proposed Findings and Recommended Disposition [Doc. 28]. However, on June 1, 2010, Chief Judge Black overruled the Objections, adopted the PF&RD, and ordered that the Supplemental Complaint be allowed as an addition to the Complaint. Order Adopting Magistrate Judge's Proposed Findings of Fact and Recommended Disposition [Doc. 32]. Accordingly, as of

---

[1] The Second Amended Complaint was filed of record twice. *See* [Docs. 19, 33]. Solely for convenience' sake, the Court refers only to the version embodied in [Doc. 19].

the date of Chief Judge Black's order on June 1, 2010, Plaintiff's Complaint consisted of [Docs. 17, 21, 33].

### C.  Third Motion to Amend the Complaint

On May 14, 2010, Plaintiff filed two similar motions that seemed to ask the Court's pardon for his failure to comply with the rules in attempting to amend or append his complaint and entreating the Court to allow him to add his Supplemental Complaint [Doc. 21].  *See* Motion to Cure Deficiency (in Document 21) [Doc. 27]; Motion to Amend Complaint for Negligence and Request for Leave of Court . . . [sic] [Doc. 29].  Judge Svet granted both motions on May 26, 2010, ordering that the docket text of [Doc. 21] be corrected to identify it as a "Supplemental Statement."  Order [Doc 30].

### D.  Fourth Motion to Amend the Complaint

On June 10, 2011, Plaintiff filed Plaintiff's [Fourth] Motion for Leave to File an Amended Complaint [Doc. 84] ("Fourth Motion to Amend").  He requested leave to add three new defendants and to add claims under the Americans with Disabilities Act. *Id.* at 1.  Judge Svet denied the motion without prejudice because Plaintiff failed to attach a copy of the proposed amended complaint. Order [Doc. 86] at 1.  Judge Svet also reminded Plaintiff that an amended complaint completely replaces all previous complaints:

> The Court further admonishes Plaintiff that amendments are not cumulative.  If he is granted leave to amend in the future, the amended complaint will become the operative pleading and replace the previous pleadings in this case.  In other words, any future

>amended complaint will supercede all previous original, amended, and supplemental complaints, rendering them without legal effect.

*Id.* Therefore, Plaintiff was aware that, if granted leave to amend his complaint in the future, the filing of such amended complaint would replace and supplant all previous complaints and supplemental complaints.

### E.  Fifth Motion to Amend the Complaint

Plaintiff filed his [Fifth] Motion for Leave to File an Amended Complaint [Doc. 110] ("Fifth Motion to Amend") on September 30, 2011. On December 22, 2011, Judge Svet recommended denying the motion because the proposed complaint was more than 140 pages long and, thus, was not a "short and plain statement," as required by Fed. R. Civ. P. 8(a)(2). Magistrate Judge's PF&RD [Doc. 132] at 2. Furthermore, Judge Svet found that the proposed amended complaint contained excessive and irrelevant detail, impermissibly incorporated previous pleadings, and attempted to assert claims against at least one Defendant that were subject to dismissal. *Id.* at 2–4. For these reasons, Judge Svet recommended that the Fifth Motion to Amend be denied. *Id.* Plaintiff did not object to the PF&RD. On January 12, 2012, Chief Judge Black adopted the PF&RD and denied the Fifth Motion to Amend. Order Adopting Magistrate Judge's PF&RD [Doc. 138]. However, on January 26, 2012, Plaintiff asked the Court to reconsider its denial of his motion and outlined his objections. Motion for Reargument or Reconsideration [Doc. 141]. Chief Judge Black granted Plaintiff's motion for reconsideration and considered his objections de novo. Memorandum Opinion and Order [Doc. 144] at 1. Chief Judge Black ultimately overruled Plaintiff's objections and affirmed the order denying Plaintiff's Fifth Motion to Amend. *Id.* at 14.

Relatedly, on October 31, 2011, Plaintiff filed two motions asking for leave to add exhibits to the Fifth Proposed Amended Complaint. Motion for Leave to Submit Exhibits Under D.N.M.LR-Civ. 7 [Doc. 117]; Motion for Leave to Add Exhibits to Plaintiff's Amended Complaint [Doc. 110] [Doc. 118]. Judge Svet denied both motions because, among other reasons, the 317 pages of proposed exhibits were superfluous. Order [Doc. 133] at 1–2.

### F.  Current and Sixth Motion to Amend the Complaint

Plaintiff filed his Sixth Motion to Amend [Doc. 145], on February 24, 2012. He proposes to add the Board of Commissioners of Curry County, Curry County, and two individual County Commissioners, Robert Sandoval and Lance Pyle, as Defendants, and he seeks to voluntarily dismiss Defendant Teri Leslie. *Id.* at 1, 2. The Proposed Sixth Amended Complaint asserts five claims against the Defendants: (A) "Deliberate Indifference to [the Need for] Medical Care;" (B) "Deliberate Indifference to [the Need for] Psychiatric Care;" (C) "Deliberate Indifference to Court Access;" (D) "Denial of Due Process Hearings;" and (E) "Deliberate Indifference to [Inh]umane Living Conditions." *Id.* at 32–42.

In this Motion, Plaintiff states that he understands why the Court denied his Fifth Motion to Amend with respect to Defendant Bean, but he asks for a ruling on his Fifth Motion to Amend with respect to proposed Defendants Curry County Board of Commissioners and Curry County. *Id.* at 3. Plaintiff makes clear that he does not want to assert any claim in his Sixth Proposed Amended Complaint against the Board or the County for failure to hire an adequate administrator, as he had in his Fifth Proposed Amended Complaint. *Id.* at 4.

## II.  STANDARD FOR MOTION TO AMEND

The Rules of Civil Procedure call for courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Ultimately, the decision whether to grant leave is left to the discretion of the court.  *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1274 (10th Cir. 1989).  Courts generally "afford[ the plaintiff] an opportunity to test his claim on the merits," unless there are grounds to deny leave.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Such grounds may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Id.*

## III.  ANALYSIS AND RECOMMENDATIONS

In this case, Plaintiff has been afforded numerous opportunities to amend and to append his complaint.  Generally, leave has been granted to him, but in some instances it has been denied for failure to follow the rules, futility, or prejudice to the other parties.  On the one hand, delay in this case is a serious concern for the Court.  Although Plaintiff initiated this action nearly three years ago, it has still not moved beyond the pleading stage, largely because of Plaintiff's repeated attempts to amend his complaint.  On the other hand, Plaintiff's Proposed Sixth Amended Complaint is shorter, clearer, and better organized than the current set of documents that constitute his complaint.  *Compare* [Docs. 17, 21, 33], *with* [Doc. 145] at 6–46.  Therefore, in an ongoing effort to balance the rights of Plaintiff, who is pro se and incarcerated, with the rights of the other parties, and with the Court's duty to timely manage its caseload, the Court recommends that the Motion be granted in part and denied in part.  Although, *at this time*, the Court does not recommend denying any portion of

the Motion because of undue delay—the only recommendations for denial are based on futility—<u>the Court strongly admonishes Plaintiff that further delays will not be permitted absent extraordinary circumstances</u>.

### A. Defendants Donaldson and Curtis

For clarity's sake, the Court notes which claims are asserted against Defendants Donaldson and Curtis. Plaintiff has alleged that Defendants Donaldson and Curtis are both liable for being deliberately indifferent to his needs for medical and psychiatric care. Proposed Sixth Amended Complaint [Doc. 145] at 10–15, 18–23, 25–26, 29, 33–37. Plaintiff, however, alleges no claims—or facts that could constitute plausible claims—against Defendants Donaldson or Curtis for Claims C ("Deliberate Indifference to Court Access"), D ("Denial of Due Process Hearings") or E ("Deliberate Indifference to [Inh]umane Living Conditions"). *See id.* at 6–47. Therefore, the only claims that are asserted against Defendants Donaldson and Curtis are Claims A ("Deliberate Indifference to [the Need for] Medical Care") and B ("Deliberate Indifference to [the Need for] Psychiatric Care"). The Court recommends granting the Motion with respect to Claims A and B against Defendants Donaldson and Curtis and denying the Motion with respect to Claims C, D, and E against Defendants Donaldson and Curtis.

### B. Proposed Defendants Pyle and Sandoval

Plaintiff attempts to assert all claims against Defendants Pyle and Sandoval. *See id.* at 13, 15, 16, 30–32, 36–40, 41, 42. Essentially, Plaintiff alleges that Defendants Pyle and Sandoval were aware of allegedly defective policies at the Curry County Adult Detention Center ("CCADC") but failed to remedy them. *See id.* Plaintiff proposes to sue Defendants Pyle and Sandoval in both their

9

individual and official capacities. *Id.* at 9. Regardless of the capacity, however, Plaintiff fails to state a claim against them, and amendment would be futile.

### i. Official Capacity

Suits brought under § 1983 against government employees in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1983) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). Accordingly, such an action should "be treated as a suit against the entity." *Id.* at 166; *Trujillo v. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 56529, at **2–3, 2007 WL 2363156, at *1 (D.N.M. 2007) (recognizing that naming a government official as a defendant in his official capacity is the same as naming the governmental entity itself, and therefore, the individual official was "not a separate party"). Plaintiff's claims against Defendants Pyle and Sandoval in their official capacities are redundant because Plaintiff has asserted those claims against the Board of County Commissioners of Curry County itself. Accordingly, the Court recommends dismissing all claims against Defendants Pyle and Sandoval in their official capacities.

### ii. Individual Capacity

After the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Tenth Circuit Court of Appeals clarified the standard for supervisory liability—which is the type of individual-capacity claim that is relevant here—of government officials in their individual capacities. *Dodds v. Richardson*, 614 F.3d 1185, 1194–99 (10th Cir. 2010). Our circuit recognizes such liability under § 1983 where the official/supervisor "creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy[,] the enforcement

(by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution." *Id.* at 1199 (internal quotation marks and alteration omitted). This standard reflects the heightened stringency required after *Iqbal*. *Id.* at 1199. As a guide, the court synthesized the standard and identified three prongs, which are not necessarily always analytically distinct. To succeed in a § 1983 claim against an official/supervisor, the plaintiff must demonstrate: (1) that the official "promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.*

Here, Plaintiff has failed to allege any facts that could plausibly sustain his § 1983 claims against Defendants Pyle and Sandoval in their individual capacities. Plaintiff has not—and cannot—plausibly allege that either Defendant Pyle or Defendant Sandoval, individually, has ever been responsible for policy-making at CCADC. On the one hand, the Board of County Commissioners of Curry County may be the final policymaker for CCADC. *See Herrera v. Cnty. of Santa Fe*, 213 F. Supp. 2d 1288, 1292 (D.N.M. 2002) (implicitly holding that New Mexico counties are the default policymakers for their respective detention centers); NMSA 1978, § 33-3-1(A) (boards of county commissioners are responsible for hiring those who will operate their respective jails). On the other hand, however, neither Defendant Pyle nor Defendant Sandoval alone has been the final policymaker for CCADC because no one commissioner can act on behalf of the Board. *See* NMSA 1978, § 4-38-2(A) (requiring at least two or three members of a board of county commissioners, depending on how many commissioners sit on the board, for a quorum). Moreover,

Plaintiff has not alleged any facts that would constitute the requisite state of mind to sustain a supervisory liability claim against Defendants Pyle or Sandoval. Therefore, to the extent that Plaintiff is attempting to sue Defendants Pyle or Sandoval in their individual capacities, the Court recommends denying the motion as futile.

### C.  Proposed Defendant Curry County

Under New Mexico law, a suit against a county "shall" name the defendant county as "the board of county commissioners of [the respective county]." NMSA 1978, § 4-46-1. Therefore, it is unnecessary and redundant to name *both* the Board of County Commissioners of Curry County *and* Curry County as defendants because they are one and the same. Plaintiff has properly named Defendant Board of County Commissioners of Curry County. Naming Curry County as a separate defendant would have no legal effect. Thus, the Court recommends denying Plaintiff's motion as to Defendant Curry County as futile.

### D.  Proposed Defendant Board of County Commissioners of Curry County

A state political subdivision such as a County may not be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. "It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal quotation marks and alteration omitted). Liberally construing the Sixth Proposed Amended Complaint, Plaintiff appears to assert that the policies of the Board of County Commissioners of Curry County caused the alleged violations of his constitutional rights. Plaintiff does not assert Claim A ("Deliberate Indifference to [the Need for] Medical Care") against the Board of County

Commissioners of Curry County. However, he does assert the remaining claims against the Board. The Court recommends granting the Motion as to Claims B ("Deliberate Indifference to [the Need for] Psychiatric Care"), C ("Deliberate Indifference to Court Access"), and D ("Denial of Due Process Hearings") against the Defendant Board. The Court recommends denying the Motion as to Claim E ("Deliberate Indifference to [Inh]umane Living Conditions") against the Defendant Board of County Commissioners for the following reasons. Plaintiff alleges that Curry County refused to provide adequate psychiatric care to mentally ill inmates who were on "24 hour keep lock." Proposed Sixth Amended Complaint [Doc. 145] at 41. Plaintiff asserts that this lack of adequate psychiatric care caused other inmates to mentally deteriorate and to throw feces in Plaintiff's living area. *Id.* at 42. Plaintiff asserts that his living conditions were, therefore, inhumane. Essentially, Plaintiff alleges that the County's refusal to provide adequate psychiatric care to inmates amounted to deliberate indifference to Plaintiff's own living conditions.

A county cannot be held liable for under § 1983 unless a plaintiff can show (1) the existence of a "policy or custom" by that county, and (2) a direct causal link between the policy or custom and the alleged injury. *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (citing *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). Here, even assuming that Plaintiff has sufficiently alleged a policy or custom by the Board to deny adequate psychiatric care to certain inmates, and even assuming that he has alleged sufficient facts to state a claim for inhumane living conditions, he has failed to allege a plausible causal link between the policy and the alleged constitutional violation. The causal link that Plaintiff asserts—to the extent that he asserts a link at all—is far too attenuated to be plausible. Therefore, the Court recommends that the Sixth Motion

13

to Amend be denied for futility as to claim E for "Deliberate Indifference to [In]humane Living Conditions."

## CONCLUSION

The Court recommends allowing Plaintiff to amend his complaint, filing his Sixth Amended Complaint only to the extent that it asserts Claims A ("Deliberate Indifference to [the Need for] Medical Care") and B ("Deliberate Indifference to [the Need for] Psychiatric Care") against Defendants Donaldson and Curtis and to the extent that it asserts Claims B ("Deliberate Indifference to [the Need for] Psychiatric Care"), C ("Deliberate Indifference to Court Access"), and D ("Denial of Due Process Hearings") against the Defendant Board of County Commissioners of Curry County. In all other respects, the Court recommends denying the Motion.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's [Sixth] Motion for Leave to File an Amended Complaint [Doc. 145] be **GRANTED IN PART** and **DENIED IN PART**.

The Court **RECOMMENDS GRANTING** the Motion to the extent that:

**(1)** the proposed amended Complaint, [Doc. 145] at 6–47, will become Plaintiff's operative pleading, supplanting all previous complaints, amended complaints, and supplements;

**(2)** Plaintiff seeks to voluntarily dismiss all claims against Defendant Teri Leslie;

**(3)** Plaintiff seeks to assert claims A ("Deliberate Indifference to [the Need for] Medical Care") and B ("Deliberate Indifference to [the Need for] Psychiatric Care") against Defendants Donaldson and Curtis; and

**(4)** Plaintiff seeks to add the Board of Commissioners of Curry County as Defendants with respect to claims B ("Deliberate Indifference to [the Need for] Psychiatric Care"), C ("Deliberate Indifference to Court Access"), D ("Denial of Due Process Hearings").

The Court **RECOMMENDS DENYING** the Motion to the extent that:

**(5)** Plaintiff seeks to add Curry County, Lance Pyle, and Robert Sandoval as Defendants because none is a proper Defendant; and

**(6)** Plaintiff seeks to add claim E ("Deliberate Indifference to [Inh]umane Living Conditions") because such amendment would be futile.

Finally, the parties are reminded that briefing on Defendant Dr. Donaldson's Motion for Summary Judgment [Doc. 156] remains STAYED pending the presiding judge's ruling on this PF&RD. No party should submit any filings on Defendant Dr. Donaldson's Motion for Summary Judgment until such ruling and until the Court notifies the parties that the stay is lifted.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**