**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LEO L. DURAN,**

    **Plaintiff,**

v.  No. 09-cv-0758 BB/SMV

**CURRY CNTY. ADULT DET. CTR.,
PRESBYTERIAN HOSP.,
FNU BEAN, LESLIE DONALDSON,
JANICE DAVIS, TAMARA CURTIS,
FNU KAMERMAN, and TERI LESLIE,**

    **Defendants.**

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of Appointment of Counsel and its accompanying Memorandum of Law in Support of Plaintiff['s] Motion for the Appointment of Counsel [Docs. 151, 152] (collectively "Motion" or "Second Motion to Appoint Counsel"). The Court, being fully advised in the premises, FINDS that the Motion is not well-taken and should be DENIED.

Plaintiff first requested the appointment of counsel on June 22, 2010, to assist him with his 42 U.S.C. § 1983 claims. Motion for Appointment of Counsel [Doc. 38]. On August 13, 2010, the Honorable Don J. Svet, United States Magistrate Judge, denied the motion because the case was in its early procedural stages, and because he was not convinced that the claims pending at that time were sufficiently meritorious or complex to warrant appointment of counsel. Order [Doc. 48] at 2. Morever, Judge Svet noted that Plaintiff had thus far demonstrated that he was capable of presenting his claims without assistance of counsel. *Id.*

On March 23, 2012, Plaintiff filed the instant Motion, which includes 17 pages of briefing and 12 pages of exhibits, essentially asking the Court, for a second time, to appoint counsel to represent him.[1] Motion [Docs. 151, 152]. Plaintiff identified numerous reasons why he should be appointed counsel that were not identified in is 2010 motion. For example, Plaintiff has since been moved to a correctional facility in Rhode Island, which he asserts will hamper his ability to investigate the facts. *See generally* [Docs. 151, 152]. In addition to other grounds supporting his Motion, Plaintiff also asserts that he suffers from bipolar spectrum disorder and paranoid schizophrenia, which he explains makes it difficult to communicate. *See generally* [Docs. 151, 152].

## Applicable Standard

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

---

[1] At all times during the pendency of this litigation, Plaintiff has been incarcerated and proceeding pro se and *in forma pauperis*. *See* Complaint [Doc. 1]; Order [Doc. 3].

Although the initial motion for appointment of counsel was denied nearly two years ago, the case unfortunately, has made no procedural progress and, in fact, has regressed, largely due to Plaintiff's attempts to amend and append his complaint. *See* [Docs. 10, 17, 19, 21, 27, 29, 33, 84, 110, 117, 118, 145]. Concurrently herewith, the Court has recommended that Plaintiff be granted leave to file a Sixth Amended Complaint. If the recommendation is adopted by the District Judge, the next step will be for two of the three Defendants to be served and for all Defendants to respond to the Sixth Amended Complaint. Then, the Court will evaluate the responses and, if necessary, may order a *Martinez* Report. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (courts may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation); *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). At this early stage, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Reconsideration of Appointment of Counsel [Doc. 151] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**