IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                                                                No. 09-cv-0758 BB/SMV

CURRY CNTY. ADULT DET. CTR.,
PRESBYTERIAN HOSP.,
FNU BEAN, LESLIE DONALDSON,
JANICE DAVIS, TAMARA CURTIS,
FNU KAMERMAN, TERI LESLIE, and
BD. OF CNTY. COMM'RS OF CURRY CNTY.,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court sua sponte. Defendant Tamara Curtis has never been served. Therefore, the Court will order Plaintiff to show cause why Defendant Curtis should not be dismissed without prejudice for lack of service, pursuant to Fed. R. Civ. P. 4(m).

### I.     Background

Plaintiff filed his original complaint on August 4, 3009.[1] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] ("Complaint"). Among others, Plaintiff named Tamara Curtis as a Defendant. *Id.* at 1. Plaintiff asserted various civil rights claims against Curtis, a nurse at the Curry County Adult Detention Center ("CCADC"), arising from an injury to his hand and its subsequent treatment. *See id.* On October 29, 2009, the Honorable Bruce D. Black, (now) Chief United States District Judge, ordered the Clerk to mail Notice and Waiver of Service forms to Defendant Curtis at the Curry County Detention Center.

---

[1] At all times relevant to this suit, Plaintiff has been incarcerated and proceeding pro se and *in forma pauperis*.

Memorandum Opinion and Order [Doc. 6].  However, the documents were returned by the post office as undeliverable on November 25, 2009.  [Doc. 9].

On December 17, 2009, the Honorable Don J. Svet, United States Magistrate Judge, ordered Plaintiff to provide a valid address for Defendant Curtis and warned that without a proper address, the claims against her may be dismissed.  Order to Cure Defects [Doc. 11].  On February 1, 2010, Plaintiff provided an address for Defendant Curtis at 916 Rosewood Drive in Clovis, New Mexico.  Motion for Court to [Accept] Delayed Information to Cure Defect for Service [Doc. 15].  On May 6, 2010, Judge Svet ordered the Clerk to postpone sending Notice and Waiver of Service forms to Defendant Curtis at the new address pending resolution of Plaintiff's multiple motions to amend his complaint.  [Docs. 10, 17, 19, 21, 24]; *see generally* Proposed Findings and Recommended Disposition to Grant in Part and Deny in Part Plaintiff's Sixth Motion to Amend [Doc. 162] ("PF&RD") at 3–4 (chronology of the case).

On June 3, 2010, Judge Svet ordered the United States Marshals Service ("USMS") to serve Defendant Curtis at the Rosewood address provided by Plaintiff.  Order to Cure Defects and for Personal Service of Process [Doc. 34].  Service was attempted on July 28, 2010.  Process Receipt and Return [Doc. 53].  The Deputy Marshal noted on the Process Receipt and Return form that Defendant Curtis was not found there, and the current resident indicated that Defendant Curtis had not been at that address for approximately one year.  *Id.*

On February 10, 2011, Judge Svet directed the Clerk to issue an alias summons for Defendant Curtis and ordered the USMS to attempt to personally serve her at 3721 Linkwood Lane in Clovis, New Mexico.  Order for Personal Service of Process [Doc. 61].

2


Judge Svet further ordered that, if Defendant Curtis could not be located there, the Marshal should inquire of any individuals encountered whether they had knowledge of the whereabouts or forwarding address of Defendant Curtis. *Id.* Service was attempted on Defendant Curtis at the Linkwood Lane address on February 17, 2011. Process Receipt and Return [Doc. 65]. However, the Deputy Marshal noted on the Proof of Service form that the individual found there, Tamara L. Curtis, advised that she was the wrong Tamara Curtis. *Id.* The Deputy Marshal noted that Tamara L. Curtis explained that she had never worked at Curry County Detention Center, is not a nurse, and is ten years older than Defendant Curtis, who had moved to Arizona. *Id.*

On June 2, 2011, Judge Svet denied Plaintiff's request that the Court issue a third-party subpoena on CCADC because the information sought by Plaintiff was patently excessive and overbroad. Memorandum Opinion and Order [Doc. 81] at 2. However, on August 12, 2011, Judge Svet granted in part another motion by Plaintiff for a third-party subpoena on CCADC to the extent that it sought Defendant Curtis's last known contact information. Order [Doc. 92]. A certificate of service was filed on the record by Attorney Stephen Doerr, indicating that a response to the subpoena was mailed to Plaintiff on September 7, 2011. Certificate of Mailing [Doc. 99]. The record contains no evidence of further efforts by Plaintiff to serve Defendant Curtis.

When the Court allowed Plaintiff's Sixth Amended Complaint, on July 16, 2012, the Clerk attempted to mail it to Defendant Curtis. However, on July 27, 2012, Tamara L. Curtis responded by letter, again indicating that she is the wrong Tamara Curtis. Letter [Doc. 173].

## II. <u>Analysis</u>

Plaintiff was required to serve all named defendants within 120 days of the filing of his original complaint. Fed. R. Civ. P. 4(m). "[L]ater amendments to the complaint do not change the time limit except for newly added parties." *Constein v. United States*, 628 F.3d 1207, 1216 (10th Cir. 2010). Because Plaintiff is proceeding *in forma pauperis*, it is the Court's responsibility to issue and serve all process. *See* 28 U.S.C. § 1915(d). Before the Court can issue summonses, however, Plaintiff must provide the Court with an address where Defendant Curtis can be served. *See Caldwell v. Martin*, Nos. 95-6101, 95-6381, 1996 WL 731253 at *1–2 (Dec. 20, 1996) (unpublished) (affirming dismissal of defendants who had not been served because plaintiff failed to provide current addresses for them and where United States Marshals twice attempted to serve them and where discovery had been granted to assist Plaintiff in discovering the addresses). Moreover, indigent plaintiffs are "required to act with diligence and provide the Marshal with sufficient information to serve the defendant." *Jensen v. Knowles*, 621 F. Supp. 2d 921, 930 (E.D. Cal. 2008) (citing *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)).

Defendant Curtis was named in the original complaint, filed on August 4, 2009. Complaint [Doc. 1]. Therefore, she should have been served no later than December 2, 2009. However, in his orders allowing Plaintiff to submit a correct address for Defendant Curtis and in issuing the third-party subpoena, Judge Svet implicitly found good cause to extend the deadline. *See* Fed. R. Civ. P. 4(m). Now, more than two years and eight months have passed since the original deadline to serve Defendant Curtis. Although Plaintiff has made some effort to provide

4

the Court with Defendant Curtis's address, none has been correct. She has never been served. Moreover, since CCADC responded to the third-party subpoena on September 7, 2011—more than 11 months ago—Plaintiff has demonstrated no further efforts to serve Defendant Curtis.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff show cause why his claims against Defendant Curtis should not be dismissed without prejudice, under Fed. R. Civ. P. 4(m) for failure to serve her. Plaintiff's response is due no later than **September 12, 2012**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**