IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                                                              No. 09-cv-0758 MCA/SMV

**CURRY CNTY. ADULT DET. CTR. et al.,**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant Board of Commissioners of Curry County's Motion to Dismiss Plaintiff's Sixth Amended Complaint on the Basis of the Statute of Limitations [Doc. 219] ("Motion") and Memorandum in Support of [Motion] [Doc. 220] ("Memorandum"), filed on March 12, 2013, by Defendant Board of Commissioners of Curry County (hereinafter "Board"). Plaintiff filed a response and memorandum in support on July 12, 2013. [Doc. 233]. Defendant filed a reply on July 26, 2013. [Doc. 237]. No hearing is necessary because the motion can be decided on the briefing. Having considered the briefs, the voluminous record, the relevant law and, being otherwise fully advised in the premises, I **RECOMMEND** that Defendant's Motion be **DENIED**.

## Background

Plaintiff Leo L. Duran was incarcerated in the Curry County Adult Detention Center ("CCADC") from October 6, 2007, through May 8, 2008. Plaintiff's Sixth Amended Complaint [Doc. 145] at ¶¶ 16 & 135. Plaintiff alleges that that he was placed in punitive segregation due to his mental disorder upon his arrival at CCADC on October 6, 2007. *Id.* at ¶ 17. On

December 10, 2007, Plaintiff struck another inmate causing "severe injuries" to his hand. *Id*. at ¶ 57. Plaintiff alleges that this incident occurred as a result of denial of proper psychiatric care. *Id*. at ¶¶ 55–59, 182–187. Plaintiff's injuries were treated at the Plains Regional Medical Center and he was placed on antibiotics. *Id*. at ¶¶ 63–64. Plaintiff alleges his injury became infected and spread throughout his body due to lack of proper medical care when he was returned to CCADC. *Id*. at ¶¶ 69–102. Plaintiff's infection required numerous follow up visits to determine the appropriate treatment. *Id*. at ¶¶ 111–121. On May 5, 2008, he was transferred to the Central New Mexico Correctional Facility ("CNMCF"). *Id.* at ¶ 143; [Doc. 233] at 4. Plaintiff was transferred back to CCADC on September 25, 2008. [Doc. 233] at 6–7. Plaintiff left the custody of CCADC on March 17, 2009. Response [Doc. 233] at 26.

Plaintiff filed his original Complaint [Doc. 1], comprising 37 pages, on August 4, 2009, against CCADC Medical Department, Presbyterian Hospital, CCADC Warden Lois Bean, Janice Davis, Dr. Donaldson, Tamara Curtis, and Dr. Kamerman for violations of his civil rights arising from the injury to Plaintiff's hand and his subsequent medical treatment.[1] On October 29, 2009, the Honorable Bruce D. Black, then-Chief United States District Judge, entered an order sua sponte, dismissing with prejudice all claims against Defendants Kamerman, Presbyterian Hospital, and CCADC Medical Center because the Complaint failed to state a claim against them under the Eighth Amendment. Memorandum Opinion and Order [Doc. 6] at 2–3. Plaintiff filed a 151-page First Amended Complaint on February 12, 2010, re-alleging civil rights violations arising from the medical treatment for his hand injury—about which he included copious details

---

[1] Defendant Bean was dismissed with prejudice on January 1, 2012. [Doc.137] at 1–2. Defendant Donaldson was granted summary judgment on September 3, 2013. [Doc. 243]. Defendant Davis was dismissed with prejudice on August 22, 2011. [Doc. 96].

and supporting documentation—and alleging, for the first time, civil rights violations arising from: Defendants' placing Plaintiff in isolation and thereby denying him certain privileges unjustly; subjecting Plaintiff to inhumane living conditions; denying Plaintiff mental health services; and denying Plaintiff access to a law library. [Doc. 17] at 3–8. Plaintiff was allowed to amend his complaint two more times to add additional defendants and claims for negligence related to the medical treatment of his hand. *See* Order [Doc. 30]; Order Adopting Magistrate Judge's Proposed Findings of Fact and Recommended Disposition [Doc. 32]. Plaintiff's fourth and fifth attempts to amend were denied. Order [Doc. 86]; Memorandum Opinion and Order [Doc. 144]. Plaintiff then filed a Sixth Motion to Amend [Doc. 145] on February 24, 2012, and was allowed leave to amend to add the Board as a defendant and allege three new claims: (1) deliberate indifference to the need for psychiatric care; (2) deliberate indifference to court access; and (3) denial of due process hearings. [Doc. 162].

## Conversion to Summary Judgment

Courts are required to convert a motion to dismiss to one for summary judgment where matters outside the pleadings are presented and considered by the court. Fed. R. Civ. P. 12(d). Generally, if a court converts a motion to dismiss into one for summary judgment, it notifies the parties of the conversion and allows them extra time to present all material pertinent to the motion. *See id.* Advanced notice of the conversion and extra time to submit materials prevents prejudice to the plaintiff. *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). However, advanced notice of the conversion and extra time is not always necessary. The Tenth Circuit Court of Appeals repeatedly has held that a plaintiff who submits his own evidence in response to a Rule 12(b)(6) motion is not prejudiced by the conversion of the motion. *See Lamb*

*v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996); *Nichols*, 796 F.2d at 364.

In this case, I will convert the Motion to one for summary judgment and will consider the materials presented by the parties. I note that the arguments presented by both parties rely on facts not contained in Plaintiff's Sixth Amended Complaint. Plaintiff is not prejudiced by the conversion because Plaintiff has presented his own supporting evidence along with his Response. Defendant is not prejudiced because it has had an opportunity to respond to the evidence and arguments raised by Plaintiff in its Reply.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" regarding that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material only if it "might affect the outcome of the suit under the governing law." *Id.*

The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant meets this burden, Rule 56 requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324; *Liberty Lobby*, 477 U.S. at 256. It is not enough for the party opposing a properly supported motion for summary judgment to "rest upon mere allegation or denials of his

pleadings . . . ." *Liberty Lobby*, 477 U.S. at 256. Nor can a party avoid summary judgment by repeating conclusory allegations, opinions unsupported by specific facts, or speculation. *MacKenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249 (citations omitted).

When reviewing a motion for summary judgment, courts should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the nonmoving party and construe all evidence in the light most favorable to the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999); *Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Third, the court cannot decide any issues of credibility. *Liberty Lobby*, 477 U.S. at 255.

In § 1983 actions, the state personal-injury statute serves as the appropriate statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387–88, 394 (2007); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Under New Mexico's personal-injury statute, NMSA 1978, § 37-1-8, a plaintiff has three years from the time his claim accrues to file suit. While state law determines the applicable statutory period, "[f]ederal law determines the date on which the claim

accrues and the limitations period starts to run." *Mondragon*, 519 F.3d at 1082.  Accrual occurs "when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks omitted).  Nevertheless, the "statute of limitations does not start running before the elements of a claim are satisfied." *Mondragon*, 519 F.3d at 1083.

## Analysis

Plaintiff's Sixth Amended complaint was filed on February 24, 2012.  Accordingly, under the three year statute of limitations, his suit would normally only cover injuries from February 24, 2009, onwards.  Although Plaintiff alleges some events in his Response that occurred after February 24, 2009, *see* [Doc. 233] at 11, the bulk of events in the Sixth Amended Complaint occurred prior to February 24, 2009.  Accordingly, in order for Plaintiff to be able to continue his suit, Plaintiff must show either that he is entitled to some form of tolling or that the claims in his Sixth Amended Complaint relate back to an earlier timely complaint.

### Plaintiff may seek relation back to any timely complaint.

The Board acknowledges that Plaintiff's original complaint, filed on August 4, 2009, was within the statutory period but argues that Plaintiff's Sixth Amendment Complaint does not relate back to his original complaint under Fed. R. Civ. P. 15(c). [Doc. 220] at 10.  Plaintiff argues that he first attempted to articulate the claims against the Board in his First Amended Complaint, not his original complaint, and that the First Amended Complaint was filed within the statute of limitations.  [Doc. 233] at 13.  The Board does not directly address Plaintiff's argument.

Plaintiff's First Amended Complaint is timely and forms a permissible basis for relation back. Although the Board has presented a variety of possible dates that Plaintiff's claims accrued, the earliest was October 6, 2007—the date of Plaintiff's entry into CCADC custody. [Doc. 220] at 6 & 9. Plaintiff's First Amended Complaint was entered February 2, 2010. Accordingly, any conduct set out by Plaintiff in his First Amended Complaint would have been timely pled within the three year statute of limitations.

Relation back under Rule 15 is generally contemplated to apply to the original complaint. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("The 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case."). However, the purpose of relation back under Rule 15 is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2494 (2010). Thus, I find the purposes behind the rule are satisfied if Plaintiff is allowed to relate back to another timely pleading, and Defendant has not argued otherwise. Accordingly, I turn to whether Plaintiff has satisfied the requirements for relation back to his First Amended Complaint.

<u>Requirements for Relation Back Under Rule 15</u>

Under Fed. R. Civ. P. 15(c)(1)(C), an amended pleading that changes a party relates back to the date of an earlier pleading where three requirements are satisfied:

> **(B)** [T]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . .
> **(C)** . . . and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)-(C).

Requirement I: Same "Conduct, Transaction or Occurrence"

For the first Rule 15 requirement, a claim in an amended complaint arises out of the same "conduct, transaction, or occurrence" set out in the original complaint where the two complaints are "grounded on the same nucleus of operative facts." *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990); *see also McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 724 (10th Cir. 2011) (unpublished) (collecting cases). Changes in legal theory are permitted so long as they are based on the same factual matter as the original pleading. *Mayle*, 545 U.S. at 664 n.7; *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001). Accordingly, "amendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c)(1)(B) test and will relate back." 6A Charles A. Wright, et al., Fed. Prac. & Proc. Civ. § 1497 & n.17 (3d ed. 2010) (collecting cases). Moreover, amendments that state an entirely new claim for relief will relate back so long as the defendant is put on sufficient notice of the facts constituting the conduct. *Id.* & n.33.

The Board argues that Plaintiff's Sixth Amended Complaint does not arise out of the same transaction or occurrence as his *original* complaint. However, Plaintiff's First Amended Complaint, pled against Defendant Bean, includes the following statements related to his current claims:

> 3.) [In] October of 2007[,] administration and unknown defendants of Curry County Adult Detention Center placed plaintiff in [an] isolation cell for

>   unjustified reasons or for purposes of discipline . . . without inmate's right to due process per C.C.A.D.C. policy.
>   . . . .
>   9.) Several inmates including myself were denied medical treatment and needed mental health services.
>   . . . .
>   12.) . . . I returned back to C.C.A.D.C. and [was] placed back in isolation cell without notice, hearing or right to due process.
>   . . . .
>   19.) [A]ccess to a Law Library or law books are denied.
>   . . . .
>   20.) As a result of not having an inmate law library in the jail . . . Plaintiff was physically injured, when if [given] adequate access to an inmate law library, Plaintiff could have sought injunctive relief . . . against defendant's [sic] for deliberate indifference to inmate's medical needs resulting in permanent injury.

[Doc. 17] at 4–8. The Board has provided no argument regarding whether Plaintiff pled the same conduct, transaction, or occurrence in his First and Sixth Amended Complaints.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers" and "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Viewing Plaintiff's First and Sixth Amended Complaints through this lens, I determine that both complaints are grounded in the same nucleus of operative facts. Therefore, I turn to the second requirement of whether notice can be imputed to the Board within the Rule 4(m) period.

### Requirement II: Notice within Rule 4(m) Period

For the second requirement under Rule 15, notice must be given within the federal service period of 120 days or else within any additional time resulting from a court-ordered

extension. Charles A. Wright, *supra*, § 1498.1. The notice contemplated by the rule "need not be formal." Adv. Comm. Note to 1966 Amendment; *see also Montgomery v. United States Postal Serv.*, 867 F.2d 900, 903 (5th Cir.1989) ("it is notice and not service that Rule 15(c) requires"). However, the notice must allow the new party to avoid prejudice in maintaining a defense. *See* Fed. R. Civ. P. 15(c)(1)(C)(i); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1 (2000). Actual notice is not specifically required, and "notice is sufficient if the newly named party was made aware of the issues in the complaint." James Wm. Moore, et al., 3 Moore's Federal Practice § 15.19[3][c], at 106 (3d ed. 2009).

Courts have found constructive notice in two instances: where the new defendant shares an identity of interest with a previous defendant and where notice can be imputed on the basis of shared counsel. The Tenth Circuit has endorsed the idea that either informal or constructive notice is adequate where the new defendant and the original defendant share an "identity of interest" such that it can be assumed that relation back would not prejudice the new defendant. *See Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir. 1988); *Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969); *Travelers Indem. Co. v. United States ex rel. Constr. Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967); *see also Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) ("Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party."). Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Charles A. Wright, *supra*, § 1499. The objective of

the test is "to avoid the application of the statute of limitations when no prejudice would result to the party sought to be added by the amendment." *Id.*

Although the Tenth Circuit cases are primarily concerned with whether corporate defendants share a common identity of interest due to shared corporate structures, other circuits have applied this test in § 1983 actions. *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195–200 (3d Cir. 2001) (finding no identity of interest between employer and newly named non-management employee such that notice given to employer could not be imputed to employee); *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (finding sufficient identity of interest between the employing city and newly named officers as to infer notice to the officers where officers shared the same attorney as the employer).

Although the Tenth Circuit has not directly addressed whether notice may be imputed through counsel, other circuits as well as district courts within the Tenth Circuit have endorsed such an idea. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 378 (5th Cir. 2010); *Singletary*, 266 F.3d at 196 (collecting cases); *G.F. Co. v. Pan Ocean Shipping Co.,* 23 F.3d 1498, 1503 (9th Cir.1994); *Santistevan v. City of Colorado Springs*, No. 11-CV-01649, 2012 WL 280370, at *4 (D. Colo. Jan. 31, 2012); *Ennis v. HCA Health Services of Oklahoma, Inc.,* No. CIV-04-682-D, 2008 WL 2510101, at *4 n.3 (W.D. Okla. June 17, 2008). Notably, the Supreme Court in *Krupski* also found constructive notice where the entity originally sued was represented by the same counsel as the prospective defendant. *See Krupski*, 130 S. Ct. at 2491–92.

In the instant case, the Board argues that it did not have notice because it was not served within 120 days of the filing of the initial complaint and, therefore, Plaintiff should not be allowed relation back. [Doc. 237] at 9. Furthermore, the Board argues that because Plaintiff did

11

not serve Warden Bean within the 120-day period, Plaintiff's argument that notice should be imputed because the Board and Warden Bean share the same lawyer is meritless. *Id.* The Board is incorrect for two reasons. First, Rule 15 requires sufficient notice of the claims and suit, not service of process. Second, the Rule 4(m) period that Rule 15 references does not create a strict requirement that service occur within 120 days but allows for extension of time upon a showing of good cause.[2] Fed. R. Civ. P. 4(m); *see also* Charles A. Wright, *supra*, § 1498.1 (noting that a court-ordered extension for service applies to the time period for calculating Rule 15 notice).

Here, service on Warden Bean was first ordered on October 29, 2009, 86 days after the initiation of the suit. Although summons was not formally executed on Warden Bean until February 18, 2011, well outside the 120-day period, Plaintiff was not personally responsible for conducting service because he had been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(d); [Doc. 3]. Furthermore, any delay due to Plaintiff's personal difficulty in obtaining address information for Defendant Bean was excused by the Court. [Docs. 25, 55, 61]. Accordingly, the Rule 4(m) period should not be limited to 120 days in this case. Thus, the Board's argument that it was not served within 120 days is unavailing if notice can be imputed to it through Warden Bean.

Plaintiff argues that the Board shares a "past and present" attorney with Warden Bean, which should form a basis to impute notice. [Doc. 233] at 17. Additionally, Plaintiff argues that the shared attorney acknowledged Plaintiff's claims in Warden Bean's Motion to Dismiss on the

---

[2] Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Basis of Qualified Immunity [Doc. 101]. *Id.* at 16. Notably, that motion did articulate awareness of Plaintiff's current claims: "the [First] Amended Complaint contains allegations regarding the denial of adequate mental health services, the denial of access to a law library or law books, and the denial of due process in that he was placed in isolation at CCADC without justification or for purposes of discipline." [Doc. 101] at 2. Plaintiff argues that this is sufficient basis for imputing notice and cites *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 130–32 (D.R.I. 2004), which discusses both identity of interest and common counsel as bases for imputing notice. *Id.* at 16.

While Warden Bean was terminated as a defendant on January 12, 2012, [Doc. 137], the Board did not enter an appearance and was not represented by its present counsel until August 3, 2012, [Doc. 174]. Accordingly, since there is no continuity of counsel, inferring notice to the Board *solely* on the basis of shared counsel may be improper. *See Singletary*, 266 F.3d at 196−97 ("[T]he fundamental issue here is whether the attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, within the [Rule 4(m)] period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant."); *Santistevan*, 2012 WL 280370, at *4 ("The continuity of counsel, combined with Plaintiff's discussions with counsel . . . persuades the Court that the proposed defendants received such notice . . . that they would not be prejudiced in defending the case on the merits.").

However, notice may still be imputed to the Board based on identity of interest. Courts have used the presence of the same attorney as evidence that the identity of interest test is satisfied. *See, e.g., Jacobsen,* 133 F.3d at 320; *Pan Ocean Shipping Co.,* 23 F.3d at 1503.

Furthermore, I note that Warden Bean occupied a management position in the prison, and thus was sufficiently high up in the hierarchy that she shared a common interest with the Board regarding prison policy and affairs. *See* NMSA 1978, § 33-3-1(A) (making the Board responsible for hiring those who operate its jails); *cf. Singletary*, 266 F.3d at 200 ("[A] non-management employee . . . does not share a sufficient nexus of interests with his or her employer.") Accordingly, I find that the Board shared a common identity of interest with Warden Bean that notice may be imputed. Furthermore, the Board has not argued that it would be prejudiced in a defense on the merits from a lack of notice. *See* [Docs. 219, 220, 237].

<u>Requirement III: Defendant's Knowledge of the Action</u>

The third and last requirement under Rule 15 is that the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" within the Rule 4(m) period. Fed. R. Civ. P. 15(c)(1)(C)(ii). Many courts, including the Tenth Circuit, have previously held that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party'" such that relation back can be allowed. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). However, the Supreme Court has since made clear that that Rule 15 only "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski,* 130 S. Ct. at 2493 (emphases in original). Furthermore, "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity," and thus "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.* at 2493–94. However, a deliberate choice by

a plaintiff to sue one party over another is not a mistake within the meaning of the rule. *Id.* at 2494.

Plaintiff argues that he named Warden Bean due to mistake and lack of knowledge of regarding the proper party, and her unavailability prevented him from correcting his error to name the Board in a timely fashion. *Id.* at 17. The Board has included no mention of, or argument concerning, Fed. R. Civ. P. 15(c)(1)(C)(ii). Furthermore, I note that post-*Krupski,* Plaintiff's lack of knowledge regarding the proper defendant is no longer fatal so long as the Board knew or should have known that it would have been made a party to the suit. Here, circumstances indicate that the Board should have known—either through Warden Bean or their shared counsel—that they were likely to be brought into this suit. Accordingly, I find the last requirement satisfied.

### Recommended Disposition

Given that the Board has not alleged that any prejudice would result from having to defend on the merits, and that the Plaintiff has satisfied the requirements for relation back under Rule 15, I find that applying the statute of limitations would be inappropriate.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendant Board of Commissioners of Curry County's Motion to Dismiss Plaintiff's Sixth Amended Complaint on the Basis of the Statute of Limitations [Doc. 219] be **DENIED** and that Defendant be required to file its responsive pleading pursuant to Fed. R. Civ. P. 12.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**