IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                        No. 09-cv-0758 MCA/SMV

CURRY CNTY. ADULT DET. CTR. et al.,

    Defendants.

## ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Third Motion for Appointment of Counsel [Docs. 272] ("Motion" or "Third Motion to Appoint Counsel"), filed June 27, 2014. The Court, being fully advised in the premises, FINDS that the Motion is not well-taken and should be DENIED.

Plaintiff first requested the appointment of counsel on June 22, 2010, to assist him with his 42 U.S.C. § 1983 claims. [Doc. 38]. On August 13, 2010, the Honorable Don J. Svet, United States Magistrate Judge, denied the motion because the case was in its early procedural stages, and because he was not convinced that the claims pending at that time were sufficiently meritorious or complex to warrant appointment of counsel. [Doc. 48] at 2. Moreover, Judge Svet noted that Plaintiff had thus far demonstrated that he was capable of presenting his claims without assistance of counsel. *Id.*

On March 23, 2012, Plaintiff filed a second motion requesting the appointment of counsel.[1] [Docs. 151, 152].  The Court denied the second motion because it was not convinced that there was sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel.  The Court also found that Plaintiff had been adequately presenting his claims. [Doc. 163].

Plaintiff filed his Third Motion to Appoint Counsel on June 27, 2014.  [Doc. 272].  The primary thrust of his motion is that he is not able to access certain legal materials that he would like to reference.  [Doc. 272] at 3–6.  He asserts that he has attempted to secure an attorney on his own, but none will take his case.  *Id.* at 1–2.

## Applicable Standard

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel."

---

[1] At all times during the pendency of this litigation, Plaintiff has been incarcerated and proceeding pro se and *in forma pauperis*.  *See* Complaint [Doc. 1]; Order [Doc. 3].

*Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

Plaintiff's inability to obtain the legal materials that he desires does not warrant a request for the voluntarily assistance of an attorney. Incarceration may impair the capacity to litigate as one prefers, but such impairment "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). More to the point, however, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting that an attorney voluntarily represent him. Moreover, Plaintiff continues to adequately present his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Third Motion for Appointment of Counsel [Docs. 272] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**