IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Plaintiff,

v.                                                                No. 09-cv-0758 MCA/SMV

CURRY CNTY. ADULT DET. CTR. et al.,

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant Board of Commissioners of Curry County's ("the Board's") Motion . . . to Dismiss Claims of Deliberate Indifference to the Need for Psychiatric Care [Doc. 283] ("Motion"), filed on April 2, 2015. After being granted two extensions of time, Plaintiff[1] filed a Response and Objections . . . ("Response") on June 9, 2015. [Doc. 293]. The Board replied on June 26, 2015. [Doc. 295]. The Honorable M. Christina Armijo, Chief United States District Judge, referred this case to me for analysis and a recommended disposition. [Doc. 189]. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, I find that the facts alleged by Plaintiff, even if true, do not state a claim against the Board. Thus, I respectfully recommend that the Motion be GRANTED and that Plaintiff's claim of Deliberate Indifference to the Need for Psychiatric Care be DISMISSED with prejudice.

---

[1] At all times relevant to this suit, Plaintiff has been incarcerated and proceeding pro se and *in forma pauperis*. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] ("Complaint"); Order [Doc. 3]. The Court liberally construes Plaintiff's filings because he is appearing pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Background**

Plaintiff Leo Duran is a pro se prisoner litigant. He filed his original complaint pursuant to 28 U.S.C. § 1983 on August 4, 2009, claiming various constitutional violations arising from allegedly inadequate medical treatment and other alleged deprivations while incarcerated at the Curry County Adult Detention Center ("CCADC"). [Doc. 1]. The Amended Complaint[2] raises three claims against the Board: "Deliberate Indifference to [the Need for] Psychiatric Care" (Claim "B"), "Deliberate Indifference to Court Access" (Claim "C"), and "Denial of Due Process Hearings" (Claim "D"). This PF&RD addresses only Plaintiff's claim of Deliberate Indifference to the Need for Psychiatric Care.

Plaintiff's Amended Complaint alleges as follows: Plaintiff was incarcerated at CCADC at certain times in 2007 and 2008. [Doc. 145] at 10 ¶ 16, 22 ¶ 135, and 24 ¶ 144. Long before his incarceration, Plaintiff had been diagnosed with several mental illnesses, including paranoid schizophrenia, bipolar spectrum disorder, severe anxiety, and impulse control problems. *Id.* ¶ 20. CCADC administration was aware of Plaintiff's mental illnesses due to his previous periods of incarceration. *Id.* at 10–11 ¶ 21–23.

Plaintiff alleges that he and other mentally ill inmates received inadequate psychiatric care. They did not receive counseling, psychiatric care, or adequate psychotropic medication and monitoring. *Id.* at 10 ¶ 19. CCADC did not have an on-site psychiatrist or counselor, *id.* at 13 ¶ 35, nor did it provide Plaintiff with emergency psychiatric care or counseling, *id.* at 14 ¶ 42. Medical care providers were "nonqualified," and "qualified" psychiatric medical

---

[2] Through various amendments, the operative pleading now consists of the Proposed Amended Complaint [Doc. 145] (as amended by [Doc. 162] magistrate judge's recommendations on same) (collectively "Amended Complaint").

providers were never hired. *Id.* at 14–15 ¶¶ 45–52. Plaintiff alleges that his untreated mental illness caused him to strike another inmate, causing injuries to himself and the other inmate, and resulting in felony charges. *Id.* at 16 ¶¶ 56–57.

In his Amended Complaint, Plaintiff asserts that Defendant Leslie Donaldson, M.D., Defendant Lisa Curtis, R.N., and the Board acted with deliberate indifference to his need for psychiatric care, in violation of the Eighth Amendment.[3] *Id.* at 36–37. Plaintiff claims that the Board's "refusal . . . to implement adequate procedures and policies to provide timely and emergency psychiatric care" and "failure . . . to hire qualified and certified counselors and a psychiatrist" constituted deliberate indifference to his need for psychiatric care. *Id.* at 36 ¶¶ 183, 185. Essentially, Plaintiff argues that the policies and practices of the Board caused the alleged violation of his constitutional rights. *Id.* at 36–37 ¶¶ 182–87.

In the instant Motion, the Board seeks dismissal of Plaintiff's claim, arguing that he cannot establish an actionable constitutional injury for which the Board may be held liable. [Doc. 283] at 5–6; [Doc. 295] at 3–4.

**Standard for Motions to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint

---

[3] Plaintiff's claims against Defendants Donaldson and Curtis for deliberate indifference to his need for psychiatric care have been dismissed, as discussed in further detail below.

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663.  The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted).  "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries.  First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory.  *Iqbal*, 556 U.S. at 678.  Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *See id.* at 682–83.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient.  *Id.* at 678.

At this stage of litigation the Court presumes that all Plaintiff's factual allegations—but not legal conclusions—are true. *See Iqbal*, 556 U.S. at 884. Moreover, the Court liberally construes Plaintiff's filings because he is appearing pro se. *Hall*, 935 F.2d at 1110.

**Legal Standard for Eighth Amendment Claims**

An Eighth Amendment claim of deliberate indifference to serious medical needs requires the plaintiff to demonstrate "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Under the objective inquiry, the "alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citing *Farmer*, 511 U.S. at 834). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation marks omitted); *see Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002); *also Weatherford v. Taylor*, No. 09-7018, 347 F. App'x 400, 403 (10th Cir. Oct. 5, 2009) (unpublished) (severe chest pain followed by a fatal heart attack meets the objective prong); *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (severe chest pain, non-fatal heart attack, and damage to heart could meet objective component, assuming causation had been established).

The subjective component requires "evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751. The subjective component may be fulfilled by showing that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* That is, the prisoner must show that the defendant[ ] knew [that the prisoner] faced a substantial risk of

harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted); *see Martinez v. Garden*, 430 F.3d 1302, 1304–05 (10th Cir. 2005).

## **Legal Standard for Claims against Municipalities**

A state political subdivision, such as a County, may not be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, liability may attach where "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell*, 436 U.S. at 692). "It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal quotation marks and alteration omitted). "[T]o establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

A county "cannot be held liable for constitutional violations when there was no underlying constitutional violation by any of its officers." *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (citing *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002). That is, "[e]ven if . . . the policies, training, and supervision of the individual county defendants were unconstitutional, [a] county cannot be held liable where . . . the officers did not commit a constitutional violation." *Id.*; *see Trigalet v. City of Tulsa*, 239 F.3d 1150, 1156 (10th Cir. 2001) ("[A]bsent a constitutional violation by the individual police officers whose conduct

directly caused [the] plaintiffs' [alleged] injuries, there can be no municipal liability imposed on the [city] on account of its policies, customs, and/or supervision with regard to the individual defendants.").

## **Analysis**

Plaintiff cannot establish an underlying constitutional violation as to his claim for deliberate indifference to the need for psychiatric care, and his claim against the Board must be dismissed. In his Amended Complaint, Plaintiff advanced the claim against Defendants Donaldson and Curtis, both medical care providers at CCADC, as well as against the Board. The Court has already addressed and dismissed the claim as to Defendants Donaldson and Curtis. Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 242] at 20–21; Order Adopting in Part Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 280] at 21–22. In assessing the claim against Defendant Donaldson, the Court found that Plaintiff "fail[ed] to establish that his alleged harm—his striking another inmate—meets the objective prong" of the Eighth Amendment standard. [Doc. 242] at 20; *see* Proposed Findings and Recommended Disposition [Doc. 238] at 17–18. The Court also found no evidence to show that Defendant Donaldson was aware of and disregarded an excessive risk to Plaintiff's health or safety with respect to his psychiatric conditions. [Doc. 238] at 18, *adopted by* [Doc. 242] at 22. Accordingly, the Court granted summary judgment in favor of Defendant Donaldson on the claim. [Doc. 242] at 22.

Likewise, the Court dismissed the psychiatric care claim against Defendant Curtis. [Doc. 280] at 22. The Court found that "[t]he allegations in the Amended Complaint regarding

7

the psychiatric-care claim—even if true—do not show that Defendant Curtis was aware of a substantial risk to Plaintiff's health." *Id.* at 21.

The Court has already ruled that Plaintiff's alleged harm does not satisfy the objective prong of the Eighth Amendment standard. Moreover, the Court has determined that neither named Defendant was aware of and disregarded a substantial risk to Plaintiff's health. Accordingly, there is no underlying constitutional violation for which the Board may be liable. *See Martinez*, 563 F.3d at 1091.

Plaintiff's arguments as to why his claim should proceed are unavailing. First, Plaintiff contends that the Board may be held accountable for the alleged constitutional violation without individual liability. [Doc. 293] at 2–5. He argues that even though Defendants Donaldson and Curtis have been dismissed, the Board's "lack of adequate policies and procedures" caused the alleged constitutional violation. *Id.* at 4. To show that his alleged injuries are "not solely attributable" to the named Defendants, he points to his allegations of inadequate policies and procedures concerning psychiatric care and services. *Id.* at 7. Plaintiff's argument is without merit. The Court found that the alleged harm was not sufficiently serious to satisfy the objective prong of the deliberate indifference standard. There is simply no underlying constitutional violation for which the Board may be held accountable. Thus, even if the Board's policies, training, and supervision were unconstitutional, the Board cannot be held liable. *See Martinez*, 563 F.3d at 1091; *Trigalet*, 239 F.3d at 1156.

Further, Plaintiff "objects" on the ground that the Court erred in dismissing his psychiatric care claims against Defendants Donaldson and Curtis. [Doc. 293] at 5. Additionally, he does "not concede that striking another inmate can not meet the objective

harm." *Id.* at 6. The Court has already ruled on these issues, and Plaintiff cannot re-argue his claims against Defendants Donaldson and Curtis now. To the extent that Plaintiff's "objections" may be construed as a request for reconsideration of the Court's prior rulings, I decline to construe them as such. The Court has allowed Plaintiff multiple opportunities to amend his complaint and to argue the merits of these issues. I recommend that Plaintiff's "objections" be overruled.

## Conclusion

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that the Board's Motion . . . to Dismiss Claims of Deliberate Indifference to the Need for Psychiatric Care [Doc. 283] be **GRANTED** and that Plaintiff's claim of Deliberate Indifference to the Need for Psychiatric Care against the Board be **DISMISSED with prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**